## S. L. and J. H. BREWSTER *vs.* BAKER.

By a written contract, made between N. T. and S. P. T., the latter agreed to pay the former $1300 in installments, and in consideration thereof N. T. agreed that S. P. T. might have the possession and use of a certain canal boat, &c., unless default should be made in the payment of the said sum of $1300, or some part thereof, or unless S. P. T. should do or attempt to do, any of the acts by the agreement prohibited; in either of which cases N. T. might take possession of the boat, &c. On the full payment of the $1300, N. T. was to execute and deliver to S. P. T. a bill of sale of said boat, and put him in possession. S. P. T. agreed not to take or attempt to remove the boat out of the state, or transfer or attempt to transfer, the same without the consent of N. T., or to do any thing to prejudice his title. In case default should be made in the payment of the said sum of $1300 or any part thereof, N. T. was to have the right to take and sell the boat and apply the proceeds to pay the balance unpaid, paying over the surplus, if any, to S. P. T. It was further provided that nothing contained in the contract should be so construed as to give S. P. T. any right or title to the boat, until such payment should be fully made; except the right to possess and use the same, in the manner and upon the conditions in such contract mentioned. *Held* that this instrument was an executory contract for a *sale* of the boat on condition, and not a *mortgage* thereof: the parties intending, in respect to the title, simply to agree for the sale and purchase of the boat for the sum specified; the sale, and vesting of the title, to be upon the condition of payment according to the agreement, and until payment the title to remain in N. T. JOHNSON, J., dissented.

*Held, further,* that S. P. T. could not acquire any title to the boat until he had paid the price; and therefore could not transfer any title to a third person, so as to enable the latter to hold the boat as against N. T. or his assignees and grantees.

Brewster *v.* Baker.

THIS was an appeal by the plaintiffs from a judgment entered upon the report of a referee. The action was brought to recover the value of a canal boat. The facts, and the legal questions arising on the trial, appear in the report of the case when it was before the court, on the appeal of the defendant. (16 *Barb.* 613.) On the second trial the referee reported in favor of dismissing the complaint, with costs; and judgment was entered accordingly.

*S. Mathews,* for the appellants. I. Nathaniel Thompson was clearly the owner of the boat in question, on the 30th of April, 1849. He transferred his title to the plaintiffs on the 23d of July, 1849; unless, therefore, N. Thompson parted with his title before the transfer to the plaintiffs, or unless the plaintiffs have parted with the title acquired by them from Thompson before the commencement of this suit, the plaintiffs were entitled to recover in this action. The fact that the defendant was a bona fide purchaser of the boat cannot change the rights of the parties. Unless the defendant has acquired title from the true owner, he will not be protected in his purchase. ( *Williams* v. *Merle,* 11 *Wend.* 80.)

II. The contract between Nathaniel Thompson and Sidney P. Thompson gave to the latter no title to the property. (1.) The contract is executory and contains an agreement to sell at a future day, upon the payment by Sidney P. Thompson, of the purchase money, with a stipulation for the use of the boat in the meantime by the purchaser. In the language of Judge Oakley, in 2 *Sand. S. C. Rep.* 420 : " It is exactly the case of leasing personal property, such as the furniture of a house, for permanent use, with the addition of an agreement to sell it at a future time, on receiving a stipulated price." In other words, it was a conditional sale and delivery, by which no title passed until the performance of the condition. (*Strong* v. *Taylor,* 2 *Hill,* 326. *Dresser Manufacturing Co.* v. *Waterson,* 3 *Metc.* 9. *Ayer* v. *Bartlett,* 6 *Pick.* 71 ; *S. C.* 9 *id.* 156. *Herring* v. *Willard,* 2 *Sand. S. C. Rep.* 418. *Porter* v. *Pettingill,* 12 *N. H. Rep.* 298. *Tibbetts* v. *Fowler,* 3 *Fairf. Rep.*

341. *Bigelow* v. *Huntley*, 8 *Vermont Rep.* 151. *West* v. *Bolton*, 4 *id.* 558. *Sargent* v. *Gile*, 8 *N. H. Rep.* 325. *Jones* v. *Olmsted, MS.*) (2.) The express stipulation contained in the agreement, that no title should pass to Sidney Thompson until the full payment of the purchase money, is conclusive upon the parties in this case. Thompson, by the very terms of the contract, could not acquire any title until he paid the price, and he could not therefore transfer any title to the defendant. (*Barrett* v. *Pritchard*, 2 *Pick.* 512.)

III. The stipulation contained in the contract, for a sale of the property in default of the payment of the price as stipulated in the contract, did not render the instrument a mortgage. (1.) If Sidney P. Thompson acquired no title to the boat, he could not mortgage it; for the idea of a mortgage necessarily implies that the mortgagor has a title which he could transfer by way of mortgage. In this case, Thompson expressly stipulated that he should not by the contract acquire any title to the boat until the payment of the purchase money. How then could he mortgage it ? (2.) The provision for a sale of the boat in case of default in payment, does not render the instrument a mortgage. Such a stipulation was manifestly proper for the protection of the purchaser; for if he had paid a considerable part of the purchase money and made default in the residue, he would lose what he had paid, unless he could have a sale and receive any surplus after paying the unpaid purchase money. But this stipulation gives to the vendor the right to do precisely what the law would entitle him to do in such a case. The plaintiffs, without this stipulation might have sold the boat in case of default in payment, and sued the vendee for the residue of the purchase money, after applying the proceeds of the sale. The necessity of the stipulation grew out of the fact that the vendor had parted with the possession, and of the expenses which he might be put to in resuming it. It was to provide for payment for the labor and expense of reclaiming the boat that this stipulation was inserted, and it was that alone which rendered it beneficial to the plaintiffs. (*Sands* v. *Tay-*

Brewster *v.* Baker.

*lor,* 5 *John.* 395. *Bement* v. *Smith,* 15 *Wend.* 493, 497. *Maclean* v. *Dunn,* 4 *Bing.* 722.

IV. The receipt or instrument of the 29th of March, 1849, was improperly admitted in evidence. It was wholly immaterial. That instrument, as the proof shows, was rescinded, and cannot therefore affect the rights of the parties, under the contract of the 30th of April. It was rescinded by express agreement of the parties. It was also rescinded by the making of the contract of the 30th of April. That contract related to the same subject matter, and was substituted in the place of the first. (*Taylor* v. *Hilary,* 1 *Cromp. Mees. & Ros.* 743.)

V. The question of estoppel, raised on the former appeal, cannot be raised on the present. The referee has found against the defendant on the fact upon which the estoppel was based, and the defendant not having appealed, the finding is conclusive. The evidence in the case, however, shows that there was no foundation in fact for the estoppel.

*Sedgwick & Outwater,* for the respondent. I. The contract under which the plaintiffs claim to recover the boat in question is a personal mortgage, and is void as against a bona fide purchaser, it not having been filed as the law requires, and there being no change of possession. (4 *Comst.* 303.)

II. The plaintiffs having been notified of the sale of the boat to the defendant, and having received a part of the money paid by him on their debt, were bound to give the defendant immediate notice if they dissented from such sale, and not having done so for more than a year afterwards, they are concluded and estopped from setting up their claim as against the defendant.

T. R. STRONG, J. The report of the referee against the plaintiffs, was placed by him, as I understand from the case and the points made on the appeal, upon the ground that the writing of the 30th of April, 1849, signed by Sidney P. Thompson, and therein designated as articles of agreement between Nathaniel Thompson of the first part, and Sidney P. Thompson of the second part, is a chattel mortgage from the latter to the former,

and is void as against the defendant, for the reason that there was no change of possession of the boat; that the writing was not filed as required by law in case of such a mortgage; and that the defendant is a bona fide purchaser. It does not appear from the case that the position was taken by the defendant before the referee, that the writing had not been filed, but it undoubtedly was, and the court will so assume, as no point founded on the omission is made by the plaintiffs. If the writing is a mortgage the report is correct; but if otherwise, as there is not, upon the finding of the referee as to the facts, any other ground on which the report can be sustained, it must be set aside and a new trial granted.

The writing expresses in substance, that the party of the second part agrees to pay to the party of the first part, $1300 at the times therein specified; that the party of the first part agrees the other party may have the possession and use of the boat, unless default shall be made in the payment of said sum or some part of it, or unless the party of the second part shall do, or attempt to do, any of the acts afterwards in said writing prohibited, in either of which cases the party of the first part may take possession and hold the boat subject to the provisions afterwards in said writing contained; that on the full payment of the sum of $1300 as provided, the party of the first part agrees to execute and deliver to the party of the second part, a bill of sale of the boat, and put him in possession, if he shall not then be in possession; that the party of the second part shall not take, or attempt to remove, the boat out of the state, or transfer, or attempt to transfer, the same to any person, without consent of the party of the first part, or do, or attempt to do, any act by which the title or possession of the party of the first part may be prejudiced; and that in case of default in payment of the $1300, or any part of it, the party of the first part shall have the right to take and sell the boat at public vendue, on giving such notice as is required on sales of personal property on execution, and in such case the proceeds shall be applied to pay the balance unpaid, interest and costs including traveling expenses and time, and if there be a surplus it shall be paid to

the party of the second part; but nothing in the agreement shall be so construed as to give the party of the second part or his assigns any right in or title to the boat until such payment shall be fully made, except the right to possess and use the same in the manner and upon the conditions in the agreement before mentioned.

In giving a construction to this writing, and determining its legal character, the intention of the parties must be sought, and that intention when ascertained must be carried into effect, unless it is contrary to law. Whatever obscurity and doubt exist in regard to what that intention was, are occasioned by the provision in the writing as to the right of the party of the first part, in case of default in payment by the other party, to take and sell the boat, and as to the application and disposition of the proceeds. But for that provision it would be clear the parties intended, in respect to the title, simply to agree for the sale and purchase of the boat for the sum specified, the sale and vesting of the title to be upon the condition of payment according to the agreement, and until payment the title to remain in the party of the first part. The language would not admit of any other even plausible interpretation. The clauses in regard to the possession and use of the boat by the party of the second part, and the prohibition of removing, transferring or attempting to transfer the boat, or attempting any acts by which the right of the other party, or his possession, might be prejudiced, are entirely consistent with that intention, and do not tend to establish any other. The possession and use of the boat as the property of the party of the first part, is allowed, and the prohibition imposed, is of acts concerning it as the property of the party of the first part. (*Strong* v. *Taylor*, 2 *Hill*, 326. *Ayer* v. *Bartlett*, 6 *Pick.* 71. 9 *id.* 156.)

Is there any thing in the provision for a right to sell the boat, and in relation to the proceeds of sale, calling for a different interpretation? If there is, it must be because it contains something inconsistent with that view of the writing. But I am not able to discover any thing of the kind. It appears to me there is perfect harmony between the provision and that inter-

pretation. The right of sale is a right to sell the boat, not the interest of one party more than of the other, but the interest of each and of both; it is not a right conferred by the party of the second part, but it is one reserved, with his consent, by the party of the first part. It was sensible and proper with a view to the foreclosure of any equities of the party of the second part, and to avoid questions thereafter, to expressly reserve this right, even if it was not absolutely necessary. This provision for a sale may have been inserted for the protection and benefit of the party of the second part. It was certainly proper, in the view taken of the writing, that the avails of the sale should be applied, after paying expenses, to the balance remaining of the debt, inasmuch as the debt would not be discharged, in case of a sale, until paid. The law would have made this application if the writing had been silent on the subject. As to the payment to the party of the second part of any surplus after satisfying the debt and expenses, it may have been stipulated for his benefit, and it is in conformity with the spirit of the contract that he should have the property, or the avails, on full payment. It should require a striking and substantial inconsistency, to overcome the express language of the concluding clause of the writing, that nothing in the writing should be so construed as to give the party of the second part any right in or title to the boat until full payment.

The former contract between the parties is not entitled to any weight in the case, as the present writing was given as a substitute for it, and before the boat was delivered.

It was lawful for the parties to make an agreement like the present, according to the interpretation now given to it. The law sanctions conditional sales and executory agreements for sales on condition, equally with chattel mortgages.

Upon a former appeal in this case, when a new trial was granted, the opinion was expressed that the writing in question was a mortgage, but it was not necessary on that occasion to pass upon the question, as there was another ground on which the court had determined to direct a new trial. (16 *Barb.* 613.) Upon a more full examination of the question, I am now

brought to a different conclusion. (*Barrett* v. *Pritchard*, 2 *Pick.* 512.)

I think the judgment should be reversed and a new trial granted, with costs to abide the event.

WELLES, J., concurred.

JOHNSON, J. dissented.

[MONROE GENERAL TERM, Sept. 3, 1855. *Johnson*, *Welles* and *T. R. Strong*, Justices.]