Turner et al. v. Kerr et al.

———————◆———————

WILLIAM H. TURNER and WIFE, Appellants, *v.* ANDREW L. KERR and JAMES C. OGDEN, Respondents.

1. *Conveyance — Mortgage — Conditional sale — Difference between — Absolute sale with cotemporaneous stipulation.*—A conveyance to secure a subsisting debt is a mortgage, whatever may be the form of the deed, or however absolute it may appear on its face; and where the facts of the transaction leave it questionable whether a mortgage or a conditional sale was intended, the doubt is to be resolved in favor of the theory of the mortgage. But it is not true that a deed absolute in its terms, delivered in payment of a debt, is converted into a mortgage merely because the grantee therein gives a cotemporaneous stipulation binding him to reconvey on being reimbursed, within an agreed period, an amount equal to the debt and the interest thereon. If the conveyance extinguishes the debt, and the parties so intend, so that a plea of payment would bar an action thereon, the transaction would be a conditional sale notwithstanding.

2. *Conveyance — Mortgage — Conditional sale — What constitutes difference between.*—In determining whether a transaction is a mortgage or a conditional sale, the understanding and purposes of the parties are to be considered.

28—VOL. XLIV.

If they intended an extinguishment of the debt, and the vesting of an absolute title, subject only to an agreement to reconvey upon specific terms — as a payment of an amount equal to the canceled debt and interest — such a transaction is a conditional sale, and not a mortgage. That the amount of money to be paid as a condition to the right to demand a reconveyance is measured by the amount of debt and interest, is a circumstance of no controlling importance.

*Appeal from Fifth District Court.*

*Hall & Oliver*, and *Bassett & Van Waters*, for appellants.

I. The conveyance and agreement admitted in the pleadings constitute a mortgage. (1 Washb. on Real Prop. 502.)

II. It is not necessary to insert the terms upon which the conveyance may be defeated in the deed by which it is made. It is sufficient if it be done in a separate instrument. (1 Washb. on Real Prop. 503 ; 3 Blackf. 51 ; 1 Hill. on Mort. 23, § 36.)

III. The deed in this case is absolute in its terms. But the agreement executed at the same time, and which is therefore to be considered a part of the same transaction, qualifies the terms and introduces conditions.

IV. A written agreement to reconvey upon the repayment of the consideration named in a deed, is a mortgage. (1 Hill. on Mort. 38, § 7 ; *id.* 105, § 9 ; 1 Washb. on Real Prop. 504 ; 3 Watts, 196 ; 6 Watts, 406, 409 ; 1 Metc. 199 ; 1 Allen, 108 ; 7 Wend. 249 ; 19 Wend. 520 ; 1 Sandf. Ch. 57 ; 12 How., U. S., 152 ; 1 Washb. on Real Prop. 516 ; 1 Hill. on Mort. 39, 40 ; 2 Blackf. 51 ; 17 Ohio, 356 ; 20 Ohio, 666 ; 4 Pick. 352 ; 1 Metc. 117 ; 1 Hill. on Mort. 115, § 14.) And the agreement to recovery may be made to a third person. (1 Hill. on Mort. 25 ; 2 Sumn. 540.)

V. Where there is a doubt whether the transaction be a mortgage or not, the court resolves the doubt in favor of the mortgagor. (1 Washb. on Real Prop. 516 ; 7 Mo. 327 ; 16 Mo. 145.)

VI. The transaction in proof created at least a trust in Kerr, and an equity in Turner, which chancery will enforce. (3 Hill. 95.)

VII. "Where the sale was for full value, but with an agree-

ment on the part of the grantor that if he could, within a certain
time, sell for more than the purchase money, with interest, the
surplus should be paid over to the grantor, the transaction was
held a mortgage." ( 1 Washb. on Real Prop. 516; 1 Hill. on
Mort. 40; Palmer v. Gurnsey, 7 Wend. 249.)

*Vories & Vories*, for respondents.

I. The transaction had no ingredient of a mortgage. No
instrument is construed to be a mortgage where the relation of
debtor and creditor does not exist. (1 Hill. on Mort., 3d ed.,
95–107, notes and authorities there cited; 4 Kent, 144, 145;
Slowey v. McMurray, 27 Mo. 113; Holmes v. Grant *et al.*, 8
Paige, 243; Conway v. Alexander, 7 Cranch, 238; Brewster v.
Baker, 20 Barb., S. C., 364; Lee v. Kilburn, 3 Gray, Mass.,
594; Baker v. Thrasher, 4 Den. 493; Flagg v. Mann, 14 Pick.
467; 2 Sumn. 534.)

II. The debt of respondent Kerr against Turner was extin-
guished by the sale of lots, and the note given up to Turner
in accordance with said written agreement.

III. The agreement in suit was in the nature of a conditional
sale, and the party seeking relief under it must show a strict
compliance on his part. (27 Mo. 113.)

CURRIER, Judge, delivered the opinion of the court.

A mortgage and a conditional sale are said to be nearly allied
to each other, the difference between them being defined to consist
in this: that the former is a "security for a debt," while the
latter is a purchase accompanied by an agreement to re-sell on
particular terms. Whether the instrument forming the foundation
of this suit, in combination with the conveyance therein referred
to, construed in the light of surrounding facts and circumstances,
constitutes a mortgage or conditional sale, is the prominent ques-
tion in the case at bar. It has been elaborately and ably discussed
by counsel, and is perhaps the only question requiring the particu-
lar attention of the court. In considering the subject, it is at
once to be admitted that a conveyance to secure a subsisting debt

is a mortgage, whatever may be the form of the deed, or however absolute it may appear upon its face. It is also true that, where the facts of the transaction leave it questionable whether a mortgage or a conditional sale was intended, the doubt is to be resolved in favor of the theory of a mortgage.

But it is not true, as a result of the adjudged cases, that a deed absolute in its terms, delivered in payment of a debt, is converted into a mortgage merely because the grantee therein (the creditor) gives a cotemporaneous stipulation binding him to reconvey on being reimbursed, within an agreed period, an amount equal to his debt and the interest thereon.

In passing on transactions of this class, the understanding and purposes of the parties thereto are to be considered and respected as in other cases. If they intended an extinguishment of the debt, and the vesting of an absolute title, subject only to an agreement to reconvey upon specific terms — as a payment of an amount equal to the canceled debt and interest — the objects of the arrangement are not to be defeated by turning the transaction into a mortgage, when the parties intended no such result. That the amount of money to be paid as a condition to the right to demand a reconveyance is measured by the amount of the debt and interest, is a circumstance of no controlling importance. It settles nothing. It may often happen that a creditor would consent to take an absolute title stipulating for a reconveyance, when he would reject a mortgage because of the delay and expense to which he might be subjected upon a foreclosure. Such arrangements operate beneficially to the debtor, securing to him additional time and renewed opportunities to extricate himself from embarrassment. Where the parties intend a conditional sale, and not a mortgage, and make their contracts in accordance with their intentions, it is not the province of the courts to circumvent and frustrate their intentions. It is nevertheless true that neither the intention of the parties nor their express contracts can change the essential nature of things. A conveyance to secure a debt is a mortgage, and the stipulations of the parties can not make it otherwise. But a conveyance to pay a debt is a totally different affair. If the conveyance extinguishes the debt, and the parties

so intend, so that a plea of payment would bar an action thereon, a subsequent or cotemporaneous stipulation in the interest of the debtor, securing to him an opportunity to re-acquire the title; ought not to be construed to the creditor's prejudice. Such a transaction is no mortgage, but a conditional sale.

The whole subject of conditional sales, as distinguished from mortgages, is fully and ably discussed in 1 Hill. on Mort. 95, ch. 5. The rule is there laid down that a "sale with an agreement to re-purchase, though narrowly watched, is construed like any independent agreement between strangers, and the right of redemption restricted to the appointed time. So, also, the title passes to the vendee, and he has the intermediate rents and profits." Numerous authorities are cited in support of this doctrine. In Conway v. Alexander (7 Cranch, 237), Chief Justice Marshall says: "To deny the power of two individuals capable of acting for themselves to make a contract for the purchase and sale of lands defeasible by the payment of money at a further day—or, in other words, to make a sale with a reservation to the vendor of a right to re-purchase the same lands at a fixed price and at a specified time — would be to transfer to the court of chancery, in a considerable degree, the guardianship of adults as well as infants."

The principle was fully recognized in Slowey v. McMurray (27 Mo. 113), that where there is no continuing indebtedness, "and the grantor has the privilege of refunding, if he pleases, by a given time, and thereby entitling himself to a reconveyance, the sale is conditional, and not a mortgage." This is stated substantially in the language of Chancellor Kent. And see further on this subject, 4 Kent, 143–4; Holmes v. Grant, 8 Paige Ch. 243; Brewster v. Baker, 20 Barb. 364; Lee v. Kilburn, 3 Gray, 594; Flagg v. Mann, 14 Pick. 467; 2 Sumn. 534; Baker v. Thrasher, 4 Den. 493. An application of these principles to the contract sued on will make it evident that the arrangement therein developed constituted, at most, a conditional sale, and was in no aspect of the case a mortgage.

The contract states that the plaintiffs, on the day of the date thereof (January 4, 1864), sold certain real estate in the city of

St. Joseph to the defendant Kerr, for the consideration of $5,387.80 — that being the amount of the then indebtedness of Turner to Kerr; that Turner agreed to remove from the property all encumbrances; and that Kerr agreed that "if said property could be sold within six months from date for more than said amount of consideration, with ten per cent. interest, the said Kerr would pay over to said Turner the full amount of all moneys realized over and above said consideration and said interest; and that Mrs. Turner should have the use of the house, rent free, to the first of March, 1864, or the benefit of the same; said Kerr further binding himself to deliver up the note evidencing the $5,387.80 indebtedness."

This contract shows a sale to Kerr for $5,387.80, in satisfaction of Turner's indebtedness to the former upon said note, and that the note was to be surrendered to Turner. The surrender of the note, or agreement to do so, in consideration of the conveyance, shows clearly and satisfactorily that the parties intended to wipe out and extinguish the then existing indebtedness, so that it should no longer have any existence. It is also equally evident that it was the purpose of the parties to have the title to the property so vested in Kerr that Turner's relation to it thereafter should be the same as though he had bargained for its re-acquisition, on like terms, from a stranger between whom and Turner the relation of debtor and creditor had never existed. There is nothing in the contract, or in its cotemporaneous surroundings, that suggests the idea that the parties themselves had the least suspicion that they were, by the deed and contract, bringing into existence a mere mortgage security. They were competent to contract; and there is nothing in the letter or policy of the law warranting a construction of their agreements at variance with their plain reading and the obvious intentions of the parties thereto.

The point is made, however, that Turner, by the contract itself, acknowledged a continuing indebtedness. That would be vitally important if the fact were as the argument supposes; but the opposite is the truth. The contract recites that whereas said Turner "was owing," etc., and goes on to show by what arrange-

Turner et al. v. Kerr et al.

ment this past indebtedness had been settled and extinguished. The evidence preserved in the record exhibits nothing in modification of the essential character of the transaction, as it appears upon the face of the papers, as regards the question of a mortgage or conditional sale.

But it is insisted on the authority of Cooper v. Whitney (3 Hill. 95) that, although the transaction in proof may not be held a mortgage, it nevertheless created a trust in Kerr, and an equity in Turner, which chancery will enforce. The authority does not sustain the proposition. It is there held that where a deed of lands is executed, and a covenant made between the parties at the same time declaring that the grantee shall sell the lands to pay certain of the grantor's debts, and return to him the surplus, but containing no reservation of a right to redeem, the transaction will be regarded as constituting a conveyance in trust, and not a mortgage. There certainly can be no objection to that law, but it has no application to the facts of this suit. Kerr did not take the conveyance under a covenant to sell the land and apply the proceeds in the payment of certain of Turner's debts, paying over any surplus that might arise therefrom to the grantor.

But it is unnecessary to pursue the subject further. I have looked through the evidence, but am unable to discover from it that the supposed opportunity to sell to Rector, within the six months, at an advanced price, was lost through the absence of Kerr from St. Joseph. Rector was informed by Kerr's attorney that the requisite deed could be had if he desired to consummate the purchase. He abandoned the trade, however; whether because of the encumbrance on the property, which Turner was to remove, but had not, or for other reasons, does not appear.

My conclusion upon the whole case is that the ruling of the District Court reversing the judgment of the Court of Common Pleas ought to be affirmed. The other judges concur.