## ED. SACRA v. ED. H. SEMPLE ET AL.

(No. 3431.)

CONDITIONAL SALE.— Where the right to receive payment before delivery is waived by the seller and immediate possession given to the purchaser, and yet, by express agreement, the title is to remain in the seller until the payment of the price upon a fixed day, such payment is strictly a condition precedent, and until performance the right of property is not vested in the purchaser. Such conditional sales are not, in effect, chattel mortgages, and therefore void because not recorded.

WHEN DEMAND NECESSARY BEFORE INSTITUTION OF SUIT.— In order to make a demand necessary before suit the defendant must have come into possession of the property lawfully and without fault, as in the case of bailments, and even then it is not nec- essary if the defendant had appropriated the article to his own use.

APPEAL from Grayson county.  Opinion by WALKER, P. J.

STATEMENT.— This suit was brought by the appellees against the appellant for the recovery of the value of a threshing machine, or damages for its conversion, which they sold and delivered to one Enfield; the petition alleg-. ing that the said Enfield gave them his note for $400, pay- able six months after date, another of $100, payable at thirty days, and $100 cash, as the consideration of the pur- chase.  The plaintiffs allege that it was expressly agreed between the parties, and made a condition of the sale, that the title to the machine was not to pass to Enfield until it was fully paid for; that the plaintiffs are the legal owners of the notes, and that they are wholly unpaid.  The con- tract of sale was made the 17th of June, 1874.  The plaintiffs allege that the appellant, Ed. Sacra, on the 15th of January, 1875, having full notice of the conditions of the sale, and of the rights of the plaintiffs, took possession of the ma- chine and converted it to his own use; and that notwith- standing their demand made upon the defendant for the delivery of the property the same was refused.  Damages laid at $500.

The defendant demurred to the petition and answered by general denial, and a special answer, claiming title himself in the machine. On the trial there was no evidence to prove the alleged demand. The plaintiffs produced in evidence the notes, as described, dated June 17, 1874; also proved the contents of an instrument of writing, executed at the same time by Enfield, as follows: " I, Andrew McElroy, agent for Semple, Berge & Co., have this day sold unto W. H. Enfield one certain Pitts thresher for the sum of $600, payable thus: One hundred dollars down, $100 in thirty days, and $400 in six months; and it is expressly understood that the ownership of the thresher is in Semple, Berge & Co. until said two notes are paid." Signed and dated. It was proved that the notes were unpaid.

The defendant purchased the thresher at a United States marshal sale through an agent who was present and bid off the same for him. The plaintiffs' agent was present and gave full notice of plaintiffs' claim on the machine to defendant's agent before he purchased; stating to him. " that he wanted his money out of it; and gave notice of plaintiffs' claim at the sale; held up the foregoing contract and shook it, and read it to the crowd."

The cause was submitted to the court without a jury, who rendered judgment for the plaintiffs against the defendant for $300 and costs of suit, from which judgment this appeal was taken by the defendant.

The appellant, among other errors assigned, says that the court erred in rendering judgment for the plaintiffs; that the judgment should have been for the defendant.

OPINION.— The only questions that seem to require consideration, or, indeed, to which the appellants' counsel appear, in their brief, to attach importance, are, whether the contract between the plaintiffs and Enfield was, in legal effect, a conditional sale, or whether it was a chattel mortgage; and also whether a demand by the plaintiffs on defendant for the property, before suit, was necessary.

The contract which was entered into between the parties constitutes, in the clearest and most unmistakable manner, a conditional sale. If, by the express terms of a contract for the sale of property, even though delivery of it is made, the seller withholds his consent to divest himself of his right of property in it, his ownership, it cannot be deemed that he has made a valid and effectual sale of it. In such case he has but agreed to sell, and consented to part with the possession as an act towards the consummation of the contract for the sale only on the condition which he has stipulated in the contract. The right in property, which is the subject of a contract of sale, is determinable by ascertaining whether the transaction was a sale or whether it was a contract of sale; and when that question is determined, another may, in some instances, remain, as to the right to the possession of the property as to either vendor or vendee, even though a valid sale had been made.

Whilst the delivery of possession of personal property, under a contract for its purchase, often, with other facts, affords conclusive evidence of a final and consummated change of right, title and ownership, in other instances does not affect the question of transfer of title, nor is conclusive upon the right to possession of it. "A sale is a transfer of the absolute title to property for a certain agreed price." Story on Sales, sec. 1. "A sale takes place only when there is a transfer of the title to property for a price." Ibid. The transfer may be complete without the delivery; as, where the seller has performed all that is required of him by the terms of the contract, and delivery alone remains to be made, the property vests in the vendee, and subjects him to the risk of any accident which may befall the subject of the sale. Id., sec. 300. "It is not necessary for the seller to deliver the goods to the buyer in order to transfer the title, since the right of property does not depend upon the actual possession." Id., sec. 300.

Although, therefore, the seller has a right of lien upon them, and cannot be forced to surrender possession until

payment is made of the price, yet the goods may be, never-theless, the property of the buyer. Ibid. Reversing the facts by delivery of possession, under circumstances show-ing that the purchaser has not performed all that is re-quired by the terms of the contract for him to do, if the agreement concerning making such delivery shows that the vendor does not waive a compliance by the purchaser in order to vest title in him, but on the contrary expressly negatives such an inference by a positive and direct res-ervation to himself of the right of property, the same prin-ciple and rule is equally applicable. The sale in such case is not complete; it would be a sale upon condition that the purchaser, notwithstanding his possession, should not own, or have title to, the property until the condition of pay-ment of the price was complied with. And so it is laid down that, "Where the right to receive payment before delivery is waived by the seller, and immediate possession given to the purchaser, and yet, by express agreement, the title is to remain in the seller until the payment of the price upon a fixed day, such payment is strictly a condition precedent, and until performance the right of property is not vested in the purchaser." 1 Parsons on Contracts (5th ed.), 538.

The appellant insists that the legal effect of the contract was to make it a chattel mortgage, and not a conditional sale.

It is said in a note to the above quoted text (note *o*), that "it has been decided that such conditional sales are not, in effect, chattel mortgages, and therefore void, because not recorded." Buson *v.* Dougherty, 11 Humph., 50. "And where, upon a sale and delivery, it was agreed that the vendor should retain a *lien* upon the property until the price was paid, it was held that this agreement of the par-ties created a valid lien in the vendor against the vendee and purchasers from him, and that such lien was not within the purview of the statute requiring mortgages of chattels

to be récorded." Sawyer *v.* Fisher, 32 Me., 28. See, also, Barrett *v.* Mason, 7 Ark., 253.

For cases deciding upon the construction of contracts of sale, to determine whether the effect was to render it a sale or a chattel mortgage, under terms of reservation of title by the vendor, quite similar to the contract in this case, reference is made by us to Grant *v.* Skinner, 21 Barb., 582; Brewster *v.* Baker, 20 Barb., 368. Held in those cases to be conditional sales, and not chattel mortgages, upon the force given to the terms of the contract, reserving to the vendor the title until the performance of conditions, notwithstanding the delivery of the possession of the property. See, also, Strong *v.* Taylor, 2 Hill, 326; Herring *v.* Willard, 2 Sand. (N. Y.), 418.

The plaintiffs, therefore, in this case were the owners of the property. Enfield's notes had long been due and unpaid at the date of the institution of this suit; and the defendant, acquiring possession of the property with full notice of the plaintiffs' claim of right in the property, acquired no better or higher title than did the original vendee. The plaintiffs, therefore, having the right of ownership, had the right to assert their right to possess and enjoy their property, unless they were precluded, under their contract, from doing so at the time of the institution of their suit.

The fair interpretation of the contract and the accompanying act of delivery of the property entitled the purchaser to the possession of it as against the seller, at least, until the maturity of the first note. The maturity and non-payment of both of them would entitle the seller and real owner to resume his dominion over his property.

JUDGMENT AFFIRMED.