## JOSÉ LASALDE RIVERA, Plff.,

### *v.*

## LAZARO PUENTE ET AL., Dfts.,

---

Ponce, Equity, No. 216.

1. A "venta con pacto de retro," provided for by Porto Rican law, is a conditional sale, and not a mortgage.
2. Plaintiff, not having complied with the conditions of repurchase, cannot have the contract decreed to be a mortgage.
3. Plaintiff, having stood by and even taken part in a sale of the land by his vendee to an innocent third party, is estopped.

Opinion filed January 25, 1908.

---

*Messrs. Boerman & Llorens,* attorneys for plaintiff.

*Messrs. Tord, Toro, & Canales,* attorneys for defendant Puente, and *Messrs. Pettingill & Leake* for other defendants.

Rivera v. Puente.

RODEY, Judge, delivered the following opinion:

This is a bill in equity to have a deed between the parties declared to be a mortgage, with the right in the complainant to pay the principal and interest to date, and have his interest in the land restored to him, or, if not, to have a judgment for the full value of it against at least one of the respondents.

Answers and replications were filed, and, on the issue thus joined, an examiner took the proofs. Counsel for the respective parties then filed briefs and made oral arguments on the merits of the whole case.

The facts in the case are about as follows: The complainant, on the 20th of May, 1905, sent his brother to the respondent Lázaro Puente to borrow $350 for him; at least, that is what the evidence appears to show, so far as the complainant is concerned. But the respondent Puente claims that the instrument is what is known in the civil law as a conditional sale, or a deed with a pacto de retro, and that, the time within which the respondent had agreed to resell the interest in the land having expired before any offer to redeem it was made, the deed became absolute. The deed was made on the 23d of May, 1905, and is for an undivided one-fourth interest in a plantation known as "Riachuelo," consisting of 526 cuerdas of land in the barrios of Anon and San Patricio, Porto Rico. The deed itself sets out that the vendor reserves the right to repurchase the land for $371 at any time within one year from the date of the making of the deed. Some time after the deed was made, the other respondent, Mr. Noyes, came upon the scene, and began to negotiate for the purchase of a considerable tract of land, including the land in controversy, in that vicinity, for the raising of coffee and other crops, and the complainant, as well

as his brother and the respondent Puente and other owners, talked and bargained with him with reference to the land he so desired to buy. Noyes knew nothing of the controversy between the complainant and Puente, and the former's interest in the land stood of record in the name of Puente. Finally, on the 16th day of November, 1906, said Noyes entered into a contract to purchase the tract of land above mentioned, and the complainant, José Antonio Lasalde, as well as Puente and others, joined in all the conversations that led up to the making of, and they all signed, the contract. Shortly thereafter, on the 31st day of December, 1906, all these same parties, including the complainant, made a deed to Noyes of all of this land, including the interest in question, which still stood in the name of Puente.

It was claimed in argument, although we find no evidence of it anywhere in the case, that the complainant in the meantime had bought another quarter interest in this land, and that therefore he had something of record to sell when he joined in the deed to Noyes. The evidence showed so conclusively that Noyes was an innocent purchaser for full value, without notice of complainant's rights, if any, as that during the hearing complainant's counsel attempted to dismiss the suit as to Noyes, but counsel for the latter objected, on the ground that he wanted his title cleared by a decree, and further contended that if the suit was dismissed as to him,—and in this the other respondent joined,—then the bill would be subject to demurrer on the ground that it would then be a plain suit for damages against Puente, and as to that the complainant would have a complete remedy at law.

It further appears in evidence that in the month of January, 1907, "two material divisions" of property, that included the

Rivera v. Puente.

property in question, which, it appears, is a proceeding for a partition between tenants in common in the local courts, took place, and that this complainant had full knowledge of the fact, and yet did nothing while the said land was being partitioned off to the respondent Puente.

The complainant testified in answer to his own counsel as to whether he consented to this sale to Mr. Noyes: "I did consent, because I sent my brother to Mr. Puente to pay the amount to him, and I thought that my protest would be of no avail." It is certain from the evidence that no effort was made to repurchase the interest in question during the year within which it might have been done under the deed, but the evidence is conflicting as to whether the offer, if it was made, was made within a month thereafter or some six or seven months thereafter. The respondent Puente went into possession of the land and paid the taxes on it after he recorded his deed on June 3, 1905, so that he had been more than a year and a half in possession of it when Noyes purchased it from him.

From all the evidence in the case it is manifest to us that the transaction here was an outright sale with a repurchase contract attached, and while it unquestionably was, in a sense, to secure a loan of money obtained at the time, yet it extinguished the debt absolutely, and that fact, according to all the law writers, is the test of whether a transaction is a mortgage or an outright sale. During the following year, complainant, although he reserved the right to do so in the deed itself, was not obliged to repurchase, nor could the respondent Puente tender back the deed and sue him for the money he had given him. Hence it was just what the deed says it was,—a sale with a limited right to repurchase, or a sale with a pacto de

retro. Therefore the equity rule that, "once a mortgage, always a mortgage," cannot apply.

One of the best discussions we have been able to find on the question of the distinction between a mortgage and a conditional sale is to be found in the case of Turner v. Kerr, 44 Mo. 429, most of which is copied in a note on page 444 of vol. 6 of the Am. & Eng. Enc. Law, 2d ed., under the head, "Conditional Sales," a salient sentence of which is: "A mortgage and a conditional sale are said to be nearly allied to each other, the difference between them being defined to consist in this: That the former is a 'security for a debt,' while the latter is a purchase, accompanied by an agreement to resell on particular terms."

As long ago as Chief Justice Marshall's time, it was held in Conway v. Alexander, 7 Cranch, 237, 3 L. ed. 328, that "to deny the power of two individuals capable of acting for themselves, to make a contract for the purchase and sale of lands defeasible, by the payment of money at a future day; or, in other words, to make a sale with a reservation to the vendor of a right to repurchase the same land, at a fixed price and at a specified time, would be to transfer to the court of chancery in a considerable degree the guardianship of adults as well as of infants."

We find that it is universally held that where the right to repurchase is conditional, and creates no obligation to do so on the part of the grantor, there is no mortgage, but a conditional sale. See 20 Am. & Eng. Enc. Law, p. 942, where citations from England and more than half of the states of the Union are given as sustaining this proposition. We find the authorities to agree, that when the question is doubtful as to whether an instrument or a transaction is a mortgage or a conditional sale,

Rivera v. Puente.

all the surrounding circumstances are gone into with a view of ascertaining what the real intent of the parties was; and, while courts lean towards holding all instruments that are given to extinguish a pre-existing debt to be mortgages, especially where the consideration paid for the property is inadequate, still, none of the authorities go to the extent of holding a transaction to amount to a mortgage when, by its own very terms, it can be seen that the only reservation in favor of the vendor is an option to repurchase for a specified price within a specified time, which he may or may not exercise, as he sees fit.

On the evidence in this case we have no hesitation in holding that the complainant has no cause of action against the respondent Noyes, because the latter is unquestionably an innocent purchaser for value without notice; and neither have we any hesitation in holding that he has no cause of action against the respondent Puente, because he did not apply to repurchase within the time limit fixed in his own contract. At any rate, complainant's own subsequent action has estopped him. When the respondent Noyes is eliminated from the cause, there would remain nothing for the court to do but ascertain what the interest in the land was worth, and give a judgment against the respondent Puente for the difference between that and the amount he is alleged to have loaned the complainant. This, counsel for complainant contends the court can and ought to do, on the ground that, in any event, he had to come into equity to have the deed canceled before he could collect the damages. We cannot agree with this. By his own action, complainant helped the respondent Puente to sell this interest in the land in controversy, in conjunction with a much larger tract, and thus helped to put it out of the power of Puente to return him this land

Rivera v. Puente.

at this time. It may well be that Puente would not have sold the whole tract for the price which he received if he had had any reason to believe that this complainant would claim any share in the purchase money.

We therefore find the issues for the respondents, and the bill will therefore be dismissed with costs, and it is so ordered.