PACKARD NORTH TEXAS MOTOR CO. v. FRANKLIN MOTOR CO. (No. 2071.)

Court of Civil Appeals of Texas. El Paso. Nov. 10, 1927.

**I. Assignments ⬤⟷131—Petition held to sufficiently allege assignment of right to purchase automobile and apply credit for used automobiles thereon and that plaintiff was owner of same.**

Petition, alleging that H. entered into contract with defendant whereby defendant had agreed to sell H. new automobile and allow credit for two automobiles delivered to defendant, and that H., for value, sold, assigned, and delivered contract and his rights thereunder to plaintiff, and that plaintiff had attempted to exercise rights under contract, but that defendant had refused to sell car, *held* to sufficiently state assignment and delivery by H. to plaintiff of contract, and his rights thereunder, and that at time of filing petition, plaintiff was legal and equitable owner and holder of same.

**2. Assignments ⬤⟷131—Defendant, not having recognized assignee's rights under contract, whereby defendant agreed to allow credit for automobiles delivered on new automobile, assignee did not have to allege demand before suing for automobiles delivered.**

Where defendant had informed assignor and assignee that it did not recognize assignee as having any rights under contract assigned whereby defendant had agreed to allow credit for automobiles delivered to defendant on purchase price of new automobile, it was not necessary for assignee, suing to recover automobiles delivered or their value, to allege that assignee had made demand for automobiles.

**3. Appeal and error ⬤⟷917(1)—In reviewing ruling on demurrer, court must assume allegations in petition are true.**

In reviewing court's ruling sustaining demurrer to plaintiff's petition, court had to assume that statements alleged in petition were true.

**4. Assignments ⬤⟷132—Assignee, suing to recover automobiles delivered by assignor to defendant to apply on new automobile, need not prove ability to pay for new automobile.**

Where defendant had agreed to sell assignor new automobile and allow credit for two automobiles delivered by assignor to defendant on purchase price of new automobile, and defendant refused to recognize assignee's rights under contract, assignee, suing to recover the two automobiles or their values, did not have to prove ability to pay or present assignment.

**5. Assignments ⬤⟷18—Contract rights, involving relation of personal confidence, trust, or giving credit, may not be transferred without consent.**

Rights, arising out of contract, involving relation of personal confidence, trust, or giving of credit, may not be transferred without consent of party to contract to be ascertained from circumstances surrounding parties and language used in contract itself.

**6. Assignments ⬤⟷18—Right to purchase automobile and have credit allowed for automobiles delivered is assignable without consent of seller (Rev. St. 1925, art. 569).**

Right under contract to buy automobile and have credit for two automobiles delivered to seller applied on purchase price could be assigned without consent of seller, under Rev. St. 1925, art. 569 (Rev. St. 1911, art. 583), since there was no relation of personal confidence, trust, or credit, and no intention on part of either to do more or less than to deliver new car on payment of unpaid balance of current price.

Appeal from Dallas County Court, at Law; Wm. M. Cramer, Judge.

Action by the Packard North Texas Motor Company against the Franklin Motor Company. From an order sustaining a demurrer to plaintiff's petition, plaintiff appeals. Reversed and remanded.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellant.

Locke, Locke, Stroud & Randolph, of Dallas (J. A. Wickes and J. P. Dreibelbis, both of Dallas, of counsel), for appellee.

WALTHALL, J. This appeal is prosecuted from an order of the trial court sustaining a general demurrer to the plaintiff's petition; the plaintiff refusing to amend, the case was dismissed.

Packard North Texas Motor Company, a

---

⬤⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

corporation, hereinafter called plaintiff, sued Franklin Motor Company, a corporation, hereinafter called defendant, alleging that one E. T. Harrison had entered into a contract with defendant, whereby Harrison had delivered to defendant two automobiles and had received from defendant a written contract which gave to Harrison the right to buy from defendant a new Franklin automobile at price current at date of delivery, less the agreed credit mentioned of the two automobiles stated in the written contract; that Harrison, for value, sold, assigned, and delivered the contract and his rights thereunder to plaintiff; that plaintiff had attempted to exercise its rights under said contract by purchasing a new Franklin automobile from defendant under the conditions prescribed under the contract, but that defendant had refused to sell such car to plaintiff and thereby had breached its contract. Plaintiff sued for $600 damages, and, in the alternative, for the value of the two automobiles delivered by Harrison to defendant, less a reasonable sum for repairing and selling same, a net amount of $600 sued for.

The contract referred to, copied in the petition and made the basis of plaintiff's suit, is in words and figures substantially as follows:

"Franklin Motor Company, 1601 So. Ervay Street, Dallas, Texas.

"September 21st, 1922.

"Mr. E. T. Harrison, 5627 Swiss ave., Dallas, Tex.—Dear Sir: This acknowledges receipt of your Franklin touring car No. 58911, for which we agree to allow you a merchandise credit of $350.00, same to be applied only on the purchase price of a new Franklin car, model optional with you, and the price current at date of delivery.

"This also acknowledged receipt of your Kissel sedan with touring top. Car No. ——, which we agree to endeavor to sell for your account, for the sum of not less than $350.00, charging you 10 per cent. commission of the sale price and the actual cost of any necessary repairs not exceeding $35.00. The balance of the net proceeds of such sale shall be applied on the purchase price of the new Franklin above mentioned.

"In the event we have not sold this Kissel car at time of delivery of the new Franklin, then we agree at your option to allow you a merchandise credit on the new Franklin of the sum of $250.00; you at all times prior to sale have the option of taking back the Kissel by paying us for the repairs as above mentioned on the basis of cost.

"It is understood that you will not call for delivery of the new Franklin car prior to 60 days from this date.

"Yours very truly,

"[Signed]  Franklin Motor Company,

"W. E. Knighton, Secy.-Treas.

"WEK:GO.

"Accepted: E. T. Harrison."

The petition alleged the contract by Harrison; the delivery of the two cars and their reasonable cash market values, aggregating $700; the assignment and delivery by Harrison to plaintiff of the above contract, with all the rights, claims, and choses in action which he had by virtue of the delivery of the two automobiles; that plaintiff is the owner and holder of said contract and of all rights, titles, claims, and choses in action accruing to the owner of same by virtue thereof. as well as all rights, etc., originally owned and held by Harrison by virtue of his delivery of the automobile to defendant.

The petition alleges the sale by defendant of the Kissel sedan for not less than $350; that by ordinary diligence defendant could have sold the Franklin touring car for $350, and, if not sold, its market value to be as above; that defendant converted the Franklin touring car, used and dismantled it, and sold its several parts, and its value.

Plaintiff alleges:

That in March, 1923, it sent "one C. A. Waller, first agreeing with said Waller to sell to him said credit in the event he should use the same as part of the purchase price of a new Franklin automobile, said Waller being then desirous of purchasing a certain Franklin automobile of a type the same as, or similar to, the type or model that defendant had hoped and expected to sell to said Harrison, and who did offer to purchase a certain Franklin automobile and to apply said credit under said contract and agreement on the purchase price of said Franklin automobile, said credit claimed being the amount of $25, but that defendant failed and refused, and has at all times failed and refused to accept or recognize said credit on the purchase of a new Franklin automobile as per the terms of said contract and agreement, and did fail and refuse to sell and deliver said Franklin automobile to the said C. A. Waller and allow said credit of $625, on the purchase price thereof, thereby breaching its said contract."

Plaintiff then alleges that on divers dates defendant informed Harrison and plaintiff that it did not recognize plaintiff as having any rights under, or as owner of, said contract, and did declare all rights of Harrison at that time owned by plaintiff to be canceled, provided said Harrison should not purchase the Franklin automobile within 15 days from April 14, 1923, and that Harrison did not purchase said automobile at any time after said date. Plaintiff prayed for judgment for $600, and interest, and, in the event it should be found that defendant did not breach said contract, plaintiff alternately prays for the value of said two cars at the time same were delivered to defendant, the values alleged to be $350 each, less the reasonable expense of repairing.

In considering the question of error in sustaining the general demurrer to the petition, we have concluded to confine our observations to the suggestions contained in appellee's counter propositions as embodying

the views of the trial court in the ruling on the demurrer.

The first three counter propositions severally suggest that the contract between appellee and Harrison at most constituted an offer on the part of appellee to allow Harrison the credit of a certain sum on the purchase of a new Franklin automobile, and, the petition not having alleged that Harrison or his assignee, appellant, made demand on appellee for allowance of such credit, the petition does not allege a breach of the contract by appellee; that at most appellee owed the obligation to an assignee of the credit memorandum to honor the same and deliver to such assignee a new Franklin automobile only when such assignee showed its ability to pay the purchase price, and that the petition made no such allegation; that appellee owed no obligation to an assignee of the credit memorandum to honor the same without first proof being made that such credit memorandum had actually been assigned, and, the petition not alleging that the assignment was presented, demand made, and credit refused, no cause of action was stated. Appellant's suit is to recover of appellee the two automobiles, or their values, delivered by Harrison to appellee as a credit or advance payment on the executory contract for the purchase by Harrison of the new Franklin car; appellee, as alleged, having accepted said two automobiles as advance payments on said purchase and thereafter refused to recognize that it owed any obligation to appellant as assignee of Harrison or of any rights under the contract to buy the new Franklin, or any right to the credit memorandum or the two cars delivered as advance payments on the purchase price of the new Franklin car.

[1] As stated, the petition sufficiently states an assignment, and delivery by Harrison to appellant of said contract and all of his rights thereunder, and that at the time of the filing of the petition appellant was the legal and equitable owner and holder of same. The petition alleges the delivery to appellee of the said two automobiles and their values. It further alleges that on or about April 14, 1923, and on divers other dates, appellee informed Harrison and appellant that it did not recognize appellant as having any rights under the contract, or as the owner of the contract, and that appellee declared all of the rights of Harrison at that time, owned by appellant, to be canceled, provided that Harrison himself should not purchase the new Franklin car within fifteen days from April 14, 1923.

[2] Appellee had come into possession of the two automobiles lawfully and without fault, under the terms of the contract, and, should appellee be considered as the bailee of the two automobiles, a demand for the automobiles would be necessary, unless appellee had, at the time of the filing of the suit, appropriated them to its own use. 2 Posey, 644. In the seventh paragraph of the petition appellant alleges that appellee had theretofore sold the Kissel sedan and converted it to its own use and benefit, and, if appellee had not sold the Franklin touring car, it had converted same or the proceeds thereof to its own use and benefit. Also it seems to us that appellee had informed both Harrison and appellant that it did not recognize appellant as having any rights under or as owner of the contract. It would not be necessary to allege that appellant had made a demand for the two automobiles.

[3, 4] Appellant's pleading shows a repudiation of the contract on the part of appellee, so far as appellant is concerned, and a refusal to recognize in appellant any rights whatever under the contract. We think that, assuming the statements as true, as we must, it would have been a useless proceeding to prove appellant's ability to pay, or to present to appellee any assignment it had from Harrison. A suit to enforce the contract, and to have the credits applied on the purchase of the new Franklin might necessitate an ability to pay, and a showing that appellant was the assignee of the rights of Harrison under his contract, but those questions are not before us.

In view of the character of this suit, there is no merit in appellee's fourth and fifth counter propositions.

Under the sixth counter proposition appellee contends that:

"The contract alleged between defendant (appellee) and E. T. Harrison was not assignable without the consent of the defendant, and, it not being alleged that such consent was given, plaintiff's pleadings fail to state a cause of action."

[5, 6] The petition does not allege that consent of appellee to the assignment was had, nor does the contract itself state that appellee gives consent to an assignment or change in ownership of the contract or the credit memorandum stated in the contract.

Our statute at the time the contract was entered into (article 583, Rev. St. 1911), and at the trial (article 569, R. S. 1925), with slight but immaterial change in verbiage, provides:

"The obligee or assignee of any written instrument not negotiable by the law merchant, may by assignment transfer all his interest therein to another."

But rights arising out of contract involving a relation of personal confidence, trust, or the giving of credit may not be transferred without the consent of the party to the contract, to be ascertained from the circumstances surrounding the parties and the language used in the contract itself.

The contract contains no language indicating an intention of the parties that it should

not be transferred to another. The contract provides simply that Harrison agreed to buy from appellee and appellee agreed to sell to Harrison a new automobile and accept as part payment two old cars at values and on terms agreed upon, when delivered. There is no intimation in the petition nor in the writing that any credit was to be extended for any unpaid balance on delivery of the new car. We see in the transaction no intimation of personal confidence, trust, credit, or intention on the part of either to do more or less than to deliver the new car on payment of the unpaid balance of the current price. The statute is broad enough to cover the contract involved here. The case of Magnolia Petroleum Co. v. Havoline Auto Supply Co. (Tex. Civ. App.) 172 S. W. 759, to which appellee refers us, involves an extension of credit, and, as Judge Talbot says in the opinion:

"It is manifest by the contract itself, or clearly appears, that it [the contract] was entered into on the part of the appellant upon credit extended to Wayne A. Hearne and by reason of the trust and confidence placed in him personally. This being true, the contract, so long as it remained executory, could not be assigned by Hearne without the consent of appellant."

The case is not in point as sustaining appellee's contention.

We have concluded the petition is good as against a general demurrer, and so reverse and remand the case.

Reversed and remanded.