ZITTLOSEN TENT COMPANY, Appellant, v. EXCHANGE BANK, Garnishee of M. H. JONES *et al.*, Respondent.

St. Louis Court of Appeals, March 5, 1894.

1. **Evidence:** PROOF THAT AN ABSOLUTE CONVEYANCE WAS INTENDED AS A MORTGAGE. As between the parties it may be established by extrinsic evidence that an absolute conveyance of land was intended only to secure indebtedness of the grantor to the grantee, and that it is therefore in fact only a mortgage.

2. **Garnishment:** DEFENSES OPEN TO GARNISHEE. In the absence of fraud a garnishment creditor stands in the shoes of his debtor, and all defenses open to the garnishee as against the latter may therefore also be invoked as against the former.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*Heffernan & Buckley* for appellant.

It is elementary law that, as between mortgagor and mortgagee, a deed absolute on its face can be shown to be a mortgage. But this law does not apply as to creditors; for creditors look only to the record and can be required to look only to it. *State to use v. Koch*, 40 Mo. App. 235.

*John O. Day* for respondent.

(1) A garnishing creditor has no greater right than his debtor had to the funds alleged to be in the hands of a garnishee. *McPherson v. Railroad*, 66 Mo. 103; *Claflin v. Landecker*, 17 Mo. App. 615; *St. Louis, etc., Co. v. Corwin*, 14 Mo. App. 586; *Nat. Bank v. Staley*, 9 Mo. App. 146; *Boyer v. Fleming*, 58 Mo. App. 438; *Funkhouser v. Eveland*, 3 Mo. App. 602; Drake on Attachments, secs. 458, 464; *St. Louis v. Regenfuss*, 28 Wis. 145. (2) A deed, however absolute in form, if intended as security for an existing debt, will be held to be a mortgage. *O'Neil v. Capelle*, 62 Mo. 202; *Watson v. Capelle*, 62 Mo. 235; *Ringo v. Richardson*, 53 Mo. 385; *Worley v. Dryden*, 57 Mo. 226; *Turner v. Kerr*, 44 Mo. 429.

BIGGS, J.—The plaintiff is a judgment creditor of M. H. Jones & Company. Execution was issued on the judgment, and the Exchange Bank was garnished. The bank denied that it owed Jones & Company anything.

The garnishment was submitted to the court on

the following agreed statement of facts:

"*First.* That plaintiff is, and was, at the time here-inafter stated, a corporation. The defendants, M. H. Jones, and H. R. Stanard, are, and were at the times hereinafter mentioned, partners doing business under the firm-name and style of M. H. Jones & Co.

"*Second.* That on the sixth day of July, 1892, the said defendants, M. H. Jones & Co. were justly indebted to the plaintiff in the sum of forty-one dollars and six cents ($41.06), and on the day of ——, 1892, said plaintiffs instituted their suit against said defendants before B. S. Chinn, Esq., a duly elected and commissioned justice of the peace for Campbell township, Greene county, Missouri; that an itemized statement of plaintiff's account against defendants was duly filed and process duly issued and served on defendants, and the day set for the trial of the issues between said plaintiff and said defendants, on which day the parties, plaintiff and defendants, appeared. The court, having heard the evidence, found that the defendants were justly indebted to said plaintiff in said sum of forty-one dollars and six cents ($41.06), and rendered judgment therefor, which judgment is legal, valid and binding, as between said plaintiff and said defendants, and has not been in any way satisfied.

"*Third.* That thereafter, to wit, on the —— day of August, 1892, an execution was issued on said judgment, and the Exchange Bank, garnishee herein, was duly served, and the garnishment properly and legally served upon them, and as to form and substance the same was correct, and jurisdiction duly acquired; that, after judgment was rendered in the garnishment proceeding, an appeal was taken to this court, and this court has now jurisdiction over said cause; the said plaintiff entering his appearance herein, and waiving all service of notice of such appeal.

"*Fourth.* On the twenty-eighth day of April, 1892, said M. H. Jones & Co. were justly indebted to the Exchange Bank, the garnishee herein, in the sum of $5,250, principal and interest, evidenced by their notes duly executed to said bank, which at the time had matured and were due and payable; that on said day the defendants executed their chattel mortgage on their stock of goods, situated in Springfield, Greene county, state of Missouri, to secure said indebtedness, which mortgage was in due form and sufficient in every respect as a security for said indebtedness, and was duly filed for record in the recorder's office of Greene county, state of Missouri, and the said bank also took actual possession of said stock of goods in accordance with the provisions of said chattel mortgage; that they thereafter sold out said goods and realized therefrom, after deducting costs and expenses of disposing of said stock of goods under their mortgage, the sum of five thousand and fifty dollars ($5,050), and have applied the same to payment of said notes as far as the same would 'go in such payment; that, at the time of execution of said mortgage on said merchandise, H. R. Stanard, one of the defendants, was the owner in fee of certain lots situated in Harrison, in Boone county, state of Arkansas, and conveyed the same to L. H. Murray, trustee for garnishee, by absolute deed without any trust or condition expressed on the face thereof except the words, 'in trust for the Exchange Bank,' the same being an ordinary warranty deed, for the expressed consideration of two thousand dollars ($2,000). Now, for the purpose of this case alone, it is admitted the value of said real estate is $1,200, and said deed was duly recorded in the recorder's office of said Boone county, Arkansas; that no part of said consideration was paid said Stanard or anybody for him by said bank or anybody for it; that

the said conveyance was a part of said transaction which said chattel mortgage was given to secure.

"*Fifth.* Over the objections of plaintiff (said plaintiff claiming that it is not competent as between him and said garnishee to show the real consideration or facts, to vary the terms of said warranty deed, because as between plaintiff and garnishee, the garnishee is bound by the terms and conditions of said warranty deed), yet with said objection to the competency of said evidence, it is admitted that garnishee can show, and the facts are, that, at the time of taking said deed to said Boone county, Arkansas, land, it was agreed and understood between the defendants and the garnishee that the same was to be a mortgage and merely as security for any balance, if any there should be, remaining to said bank from said defendants, M. H. Jones & Co., after the sale of said merchandise under the said chattel mortgage, and the applying the proceeds thereof of said indebtedness to said bank.

"*Sixth.* It is admitted that, if judgment shall go in this case for the plaintiff against said garnishee, then the same shall be for the sum of forty-one dollars and six cents ($41.06), plus interest at six per cent. per annum from the date of the judgment before the justice of the peace aforesaid, and the costs of this suit. It is agreed that, before the institution of the proceedings by garnishment on the suits by plaintiff in the cases mentioned against the defendants, M. H. Jones & Co., that the real estate mentioned in the deed made by H. R. Stanard and wife to L. H. Murray, in trust for the Exchange Bank, was attached at the suits of Samuel C. Davis *v.* M. H. Jones & Co. for $1,100, and at the suit of A. Wallenstein *et al. v.* said M. H. Jones & Co. for $350, and that said attachments have been sustained, and the property sold under the suit of Samuel C. Davis, and bought by him for the sum of

$1,100.   It is also agreed that there is a balance due the Exchange Bank of the said M. H. Jones & Co., to it (*sic*) of $750, and that the value of said real estate conveyed by said Stanard is $1,200; which said statement regarding said attachment of Samuel C. Davis & Co. and A. Wallenstein *et al.* is admitted subject to the objections by plaintiff, that the same is incompetent and irrelevant, and because these suits are not suits to which plaintiff is a party—also constitutes no defense to this proceeding.   No objection is made as to character of evidence, or that it is not best evidence."

It is insisted by the appellant that, as the deed conveying the property in the state of Arkansas is absolute on its face, it was not competent for the garnishee as against the plaintiff to show that the deed was in fact a mortgage, and that nothing had been realized from it; that therefore the garnishee must be charged in this investigation with the consideration mentioned in the deed, which, when added to the amount realized from the sale of the stock of goods, would largely overpay the debt of the bank and make it the debtor of Jones & Co.

The plaintiff's position is against the authorities in this state.   In the absence of fraud (Drake on Attachments [7 Ed.], secs. 458, 464) the judgment creditor in garnishment proceedings stands in the shoes of the judgment debtor.   Whatever defenses the garnishee would have, if sued by the judgment debtor, are available to him in the garnishment proceedings.   The statement of the law on this subject by Mr. Drake (Drake on Attachments, sec. 672) has been adopted by the supreme court as the law of this state.   That author says: "As the attaching creditor can hold the garnishee only to the extent of the defendant's claim against the garnishee, and can acquire no rights against the latter, except such as the defendant had; and as he is not per-

mitted to place the garnishee in any worse condition than he would be in if sued by the defendant, it follows necessarily that whatever defense the garnishee could urge against an action by the defendant for the debt in respect of which he is garnished, he may set up in bar of a judgment against him as garnishee." *Firebaugh v. Stone*, 36 Mo. 111; *McPherson v. Railroad*, 66 Mo. 103. It can not be doubted that the bank, as against M. H. Jones & Co., would have the right to show that the deed to Murray was in fact a mortgage to secure the bank's debt, and that the bank had realized nothing from it. *O'Neill v. Capelle*, 62 Mo. 202; *Worley v. Dryden*, 57 Mo. 226.

As the *bona fides* of the transaction between the bank and Jones & Co. is not questioned, and as there are no facts creating an estoppel against the bank, the case of *State to the use of Nieman v. Koch*, 40 Mo. App. 635, upon which the plaintiff relies, can have no application.

The judgment will be affirmed. All the judges concur.