Eugene Mosley, Appellant, v. Elizabeth E. Cavanagh.—125 S. W. (2d) 852.

Division One, March 8, 1939.

E. McD. Stevens for appellant.

*D. Calhoun Jones* for respondent.

CLARK, J.—This is a suit in equity to have a deed absolute on its face declared a mortgage and to require defendant to convey the described real estate to plaintiff upon the payment of such sum as the court may find due.

In substance, the petition of plaintiff (appellant) alleged: that he had an option to purchase certain described real estate from one Wolff for the sum of $10,000, of which he agreed to pay $4,600 in cash and assume an existing deed of trust for $5,400; that he borrowed the required cash payment from defendant and had Wolff make a deed direct to defendant, subject to the existing deed of trust of $5,400; that defendant agreed to hold the title as security for the loan, "to be repaid six per cent on the principal sum of $10,000, plus any taxes she may have advanced at the time of redemption, and in the event said property was sold within ninety days from December 15, 1934, she was to have been paid a commission of $1000 for the use of her said money; and if sold within three to six months from said December 15, 1934, she was to have been paid a .commission of $2000 . . .; and if sold within six to nine months . . . she was to have been paid a commission of $2500; and if sold within nine to twelve months . . . she was to have been paid a commission of $3000 for the use of her said money;" that plaintiff paid one interest note on the $5,400 mortgage and offered to pay others; that at all times he has been and is ready, willing and able to redeem in accordance with his contract; that he has no adequate remedy at law. Said petition prays the court to declare the deed a mortgage and to require defendant to convey the real estate to him on payment of the sum found due.

Defendant's answer is a general denial, coupled with a specific denial of a portion of plaintiff's allegations, and a plea of the Statute

of Frauds, to-wit, Section 2967, Revised Statutes 1929 (Mo. Stat. Ann., p. 1835).

The finding and judgment of the Chancellor were for defendant and plaintiff has appealed.

■ It is necessary for us to review the evidence for while we defer somewhat to the findings of the chancellor we are not concluded by such findings. [Benne v. Schnecko, 100 Mo. 250, l. c. 258, 13 S. W. 82.]

Plaintiff and defendant were the only witnesses who testified. Plaintiff testified, in substance, that he had a written option with Wolff to purchase the land (such option was not produced at the trial) ; that he procured a loan from defendant to make the necessary cash payment and had the deed made direct to defendant; (the deed was received in evidence and is an ordinary warranty deed, reciting payment of $100 and other consideration, and made subject to a deed of trust with a balance due of $5,400). Plaintiff also introduced a written instrument (plaintiff's Exhibit B) signed by both plaintiff and defendant which, omitting caption, signatures and description of real estate, is as follows:

"In consideration of $1.00 and other valuable considerations, I hereby give an option to buy and agree to sell the following described property: . . .

"Payable as follows: In each of the following the interest at 6% on the principal amount of $10,000.00 is to be added, plus taxes; on or before 90 days after date $11,000.00; from three months to six months after date $12,000.00; from six months to nine months after date $12,500.00; from nine months to twelve months after date $13,000.00.

"This option expires on December 15, 1935."

Plaintiff also testified that he made an oral agreement with defendant for an indefinite extension of time; that before filing suit he offered to redeem by paying defendant $13,000, plus interest and taxes, but defendant refused.

Defendant in her testimony denied that she made a loan to plaintiff; said that plaintiff induced her to buy the property for $10,000, paying $4,600 cash and taking the deed subject to a deed of trust for $5,400; that she gave plaintiff an option to purchase which is evidenced by plaintiff's Exhibit B; that at one time plaintiff offered to purchase the real estate by assigning to her certain notes signed by other persons and secured by deeds of trust; that she refused this offer; that she offered plaintiff a written contract to extend the time which he refused; that no extension was ever agreed upon; defendant also introduced an unsigned statement (defendant's exhibit 2) which was handed to plaintiff and identified by him (abst. 16) as being a statement pertaining to the purchase of the real estate, which statement is as follows:

"6609 Delmar                                          January, 1, 1935.
E. E. Cavanagh in account with
C. E. Mosley, Agent.
to purchase of Clayton Road Farm:
By cash Received ................................4600.00
To Knappmeyer interest ................ 634.90
"   C. E. Mosley ....................... 150.00
"   Balance due Ed Wolf .................2835.43
"   Certificate of title & Ins. on title ........ 150.00
"   Taxes—W. W. Benson ................ 67.47
"   C. E. Mosley ....................... 500.00
"   C. E. Mosley ....................... 265.00

                                    —————
                          $4600.00     $4600.00"

■ Although the instrument was on its face a deed, plaintiff was entitled to prove, if he could, that it was in fact a mortgage; and he could do so by parol evidence. [Reilly v. Cullen, 159 Mo. 322, 1. c. 329, 60 S. W. 126; Chance v. Jennings, 159 Mo. 544, 61 S. W. 177; Book v. Beasly, 138 Mo. 455, 40 S. W. 101; Johnston v. Bank, 294 S. W. 111; Zittlosen v. Bank, 57 Mo. App. 19.] If the instrument was a mortgage, no tender by plaintiff to redeem within the time stated was necessary, nor was it necessary for him to obtain an extension of time. [Reilly v. Cullen, supra.]

The question here is: should we overturn the finding of the chancellor and hold that the instrument in question is a mortgage? We do not think so.

■ The evidence is conflicting. The burden of proof is upon the plaintiff. He is met with the presumption that the instrument is just what it purports to be—a deed. [Book v. Beasly, supra; Stephens v. Stephens, 232 S. W. 979.] There can be no mortgage unless it is founded upon a debt. [Donovan v. Boeck, 217 Mo. 70, 1. c. 87, 116 S. W. 543; 19 R. C. L., sec. 7, pp. 244-5; Ebbs v. Neff, 325 Mo. 1182, 30 S. W. (2d) 1. c. 620.] Plaintiff asserted and defendant denied that there was a loan. ■ We do not think that plaintiff's Exhibit "B" helps his contention. This instrument purports to be an option. It calls for the payment of interest on the entire purchase price of $10,000, while plaintiff claims to have borrowed only $4600. It calls for payment within one year of commission ranging from $1,000 to $3,000. If such commissions are for the use of borrowed money, the contract is usurious (Sec. 2842, R. S. 1929; Mo. Stat. Ann., p. 4630, and cases cited), while if the instrument is an option these payments are legal. Plaintiff in his testimony referred to this instrument as an "option." (abst. 19.)

We think defendant's Exhibit 2 is some evidence against plaintiff's contention. It refers to plaintiff as "agent." It shows the disposition of the $4,600, only a portion of it going to the seller and more than $900 going to plaintiff.

We have examined the cases cited by plaintiff, all of which are cited in this opinion. In all of them the courts have endeavored to ascertain the intention of the parties from the facts proven and, of course, the facts differ in each case. Of the cases cited by plaintiff (appellant), the nearest approach to the present case on the proven facts, is in the case of Reilly v. Cullen, supra. In that case, as in this, there was an instrument in the form of a deed and a contemporaneous instrument. The court held the latter instrument showed that the parties intended the first as a mortgage, but the instrument proven in that case (p. 325, 326) differs materially from the one proven in the present case. In that case the instrument recited, among other things, "to secure to said Cullen (defendant) money owed to him by said Reilly (plaintiff)." This showed that the purported deed was to secure a loan. No such fact was proven in the present case and we think the reasonable inferences are to the contrary.

For the reasons given the judgment and decree of the trial court is affirmed. All concur.