Oscar L. Powell, Appellant, v. E. S. Huffman and Elizabeth Huffman, Respondents.—No. 40604.—213 S. W. (2d) 473.

Division Two, September 13, 1948.

*Jones & Jones* and *Sam J. Corbett* for appellant.

*Von Mayes* and *Ward & Reeves* for respondents.

[474] BARRETT, C.—In this action the plaintiff seeks to have a deed declared à mortgage, with the attendant right of redemption, and a sheriff's sale set aside. The trial court sustained a motion to dismiss the first count of the plaintiff's petition on the specified ground that the deed was a conditional sale and not a mortgage. Since the plaintiff admitted that he could not recover on the second count of his petition unless he was entitled to recover on the first count the court entered judgment for the defendants on both counts.

Upon this appeal by the plaintiff the initial question is whether the first·count of his petition states a claim upon which relief can be granted. Mo. R. S. A., Sec. 847.62. The secondary question involves the defendants' claim that the second count fails to state a claim upon which relief can be granted and that therefore, in any event, the trial court properly entered a judgment of dismissal. Mo. R. S. A., Secs. 847.67, 847.140(a).

The allegations of the first count are long and quite involved but it is unnecessary to relate·them other than to say that they set forth the plaintiff's interest in the land, the circumstances under which the deed was executed and the facts concerning the indebtedness for which the conveyance was alleged to have been made. It is alleged that the original indebtedness, evidenced by a note and mortgage, was $568.00. By reason of advances for lumber and improvements the indebtedness increased to $808.00 and it is for this latter sum that the conveyance is alleged to have been made. It is also alleged that there were payments of $150.00 and $160.00 on the indebtedness in 1940 and 1941. The deed, dated May 23, 1938, recites a consideration of $808.00 and it also recites that it is subject to a deed of trust securing an indebtedness of $568.00. The controversy, so far as the merits of this appeal are concerned, revolves around this clause in the deed:

"This deed made and executed with agreement by Grantor herein that the Grantor be allowed the privilege of redemption of land herein conveyed by the Grantor on or before the 23rd day of May, 1939, upon the following agreed and stipulated conditions, to-wit: First, that the Grantor herein pay to the Grantees herein, . . . the sum of Eight Hundred and Eight Dollars ($808.00), and with interest thereon, from May 23rd, 1938, to date of redemption at the rate of eight per cent per annum, and in addition thereto, or Second, the Grantor shall also pay to said grantees herein, . . . any and all State, County, Drainage and Levee, or any other·tax now assessed and past due that may be paid by the Grantees herein on said land, and with interest thereon at the rate of eight per cent per annum from the date of payment of said taxes."

The respondents construe the deed as expressing the entire contract between the parties and contend that it plainly stipulates a conditional sale and not a mortgage. They say that the deed on its face does not show the conveyance to have been given to secure a debt, the only reference to a debt being the $568.00 mortgage. They contend that the word "redemption" as here used means "repurchase," within the limited time. Prima facie the instrument is what it purports on its face to be—a deed (Bobb v. Wolff, 148 Mo. 335, 344, 49 S. W. 996) and if it is certainly a conditional sale and not a mortgage neither the intention of the parties nor their col-

lateral agreements can change its essential nature and force. Turner v. Kerr, 44 Mo. 429, 432. On the other hand if the transaction, as evidenced by the terms of the instrument (Hargadine v. Henderson, 97 Mo. 375, 11 S. W. 218) and upon the particular facts and circumstances alleged (Book v. Beasley, 138 Mo. 455, 461, 40 S. W. 101), was in point of fact a mortgage the plaintiff is entitled to have, it enforced as such if he can successfully sustain the allegations of his petition. 4 Pomeroy, Equity Jurisprudence, Secs. 1192-1196; Annotations 79 A. L. R. 937; 155 A. L. R. 1104; 111 A. L. R. 448. The facts and circumstances of each case are always carefully examined, deference being accorded the findings of the trial court after a hearing upon the merits. Mosley v. Cavanagh, 344 Mo. 236, 125 S. W. (2) 852; Miller v. Miller, 353 Mo. 884, 184 S. W. (2) 1011; Wright v. Brown, (Mo.) 177 S. W. (2) 506.

[475] Whether the transaction was a sale or whether it was a mortgage may be determined upon the allegations of the petition alone, particularly when an unambiguous contract is relied upon. Donovan v. Boeck, 217 Mo. 70, 116 S. W. 543. However, the instrument in the Donovan case in express terms canceled any subsisting debt and, in addition to other circumstances negativing a mortgage, in plain terms provided: "It is expressly understood between the parties hereto that this instrument shall not be construed as a mortgage." Branham v. Peltzer, (Mo.) 177 S. W. 373, is an excellent example of a typical conditional sale and Sheppard v. Wagner, 240 Mo. 409, 144 S. W. 394, 145 S. W. 420, is an excellent example of a typical mortgage case. The appellant and the respondents agree that the ultimate and essential test of the transaction being a mortgage is the continued existence of a debt between the parties, thereby indicating that the conveyance is intended, in reality, as security for the debt. Wilson v. Drumrite, 21 Mo. 325; Slowey v. McMurray, 27 Mo. 113, 116; Book v. Beasley, supra; Bobb v. Wolff, supra.

The fact alone of this unusual clause in the instrument demonstrates that it was not in fact what it appeared to be upon its face— an absolute, unconditional conveyance. Sheppard v. Wagner, 240 Mo., l. c. 434, 144 S. W., l. c. 402. While the word "redemption" (or the word "repurchase," had it been used in the clause) is not necessarily determinative of the character of the transaction as a mortgage (Carson v. Lee, 281 Mo. 166, 175, 219 S. W. 629, 632) the fact that the instrument of conveyance contains a clause of defeasance is indeed significant. Hargadine v. Henderson, 97 Mo. 375, 11 S. W. 218. The word "redemption" is used twice in this clause, the first time as the expressed condition upon which the instrument was executed. Furthermore, the right of redemption is conditional upon the payment of $808.00. And while it may be arguable that the instrument does not create or mention an indebted-

ness, what other purpose could this unusual provision serve? According to the allegations of the petition the transaction had its inception in the $568.00 debt. Book v. Beasley, 138 Mo., l. c. 462, 40 S. W., l. c. 103. Also, according to the allegations of the petition, the $808.00 referred to in the quoted clause was the $568.00 plus certain advancements which, if true, constituted a subsisting debt between the parties. Mayberry v. Clark, 317 Mo. 442, 297 S. W. 39; Lipscomb v. Talbott, 243 Mo. 1, 147 S. W. 798. Certainly the pre-existing debt was not canceled by the transaction. Donovan v. Boeck, supra; Turner v. Kerr, supra. There are these additional factors indicating a debt and a mortgage: The grantor expressly agrees to pay interest on the sum mentioned, the $808.00, and he not only agrees to pay all taxes but he expressly agrees to pay interest on any taxes paid by the grantees. Sheppard v. Wagner, 240 Mo., l. c. 435, 144 S. W., l. c. 402; Book v. Beasley, supra. While the plaintiff's evidence may prove to be insufficient to support his claim (Wright v. Brown, 177 S. W. (2), l. c. 509-510) the instrument relied upon when considered with the allegations of the petition sufficiently charges that the transaction was in fact a mortgage. Sheppard v. Wagner, supra; Hargadine v. Henderson, supra. Consequently judgment should not have been entered against the appellant upon the mere allegations of his petition.

The second count of the plaintiff's petition alleges that in January 1945 one of the defendants instituted an action in unlawful detainer against him and subsequently sold the land on a transcript execution. The plaintiff asks to have that judgment set aside as void. The defendants claim, however, that the second count fails to state a claim upon which relief can be granted because it fails to sufficiently plead homestead. In this connection, however, the petition alleges that prior to the sale the plaintiff notified the sheriff in writing that he "was the head of a family, and that this plaintiff was a married man, and that he claimed the said land as exempt to him as is provided by Section 608 of the Revised Statutes of Missouri 1939, and requested the said Sheriff to . . . set off to him, the plaintiff herein, his homestead in said lands, . . ." It was further charged that the debt upon which the judgment was obtained and the [476] land sold was contracted after the plaintiff had acquired the right of homestead in the land. While the allegations of the petition are incomplete (40 C. J. S., Secs. 154(b), p. 623, 232, p. 711), as against a motion to dismiss for failure to state a cause of action, they sufficiently allege homestead. Mo. R. S. A., Sec. 608; Saxbury v. Coons, (Mo.) 98 S. W. (2) 662; Elliott v. Bristow, 185 Mo. 15, 84 S. W. 48.

Since, at first view, the petition sufficiently alleges a cause of action the judgment is reversed and the cause remanded.  *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.  *Leedy* and *Ellison, JJ.,* concur; *Tipton, P. J.,* not sitting.