HOSELTON et al., Appellants, v. HOSELTON.

Division Two, December 17, 1901.

1. **Devise on Limitation:** CONDITIONAL LIMITATION OVER: TAXES. Where land is devised to a son so long as he shall pay the taxes or cause them to be paid, and in case of his failure to do so, then to his children, the limitation of his interest in the land determined on his failure to comply with the terms and conditions expressed in the devise, and the estate passed to the children named without any entry or other act upon their part.

2. ———: ———: WHEN CONDITION DETERMINES: TAXES. But where a devisee is given land so long as he shall pay the taxes thereon or cause them to be paid, but no time is fixed within which they are to be paid, that may be done at any time before sale for taxes. And the payment may be made by him or his wife, and the payment by her, whether by his consent or not, saves a forfeiture of his interest.

3. ———: ———: TAXES: HOMESTEAD: ABANDONMENT OF WIFE. A will gave to defendant's husband certain lands so long as he should pay the taxes thereon, and if he failed to do so then to his children,

the plaintiffs. He moved on the land and occupied it as a homestead, and then abandoned her, and ceased to pay the taxes, and later made a deed to plaintiffs. The wife, with her two minor children by him, continued to occupy the land, and paid the taxes thereon. *Held,* that, under the homestead statute of 1895, he could not sell the land, nor was there any forfeiture.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*Fry & Clay* for appellants.

(1) By the terms of the will the gift to Amos Hoselton created in him an estate upon limitation with a conditional limitation over to plaintiffs. The words "as long as" are words creating an estate upon limitation. The estate of plaintiffs was a conditional limitation. Tiedeman on Real Prop. (2 Ed.), sec. 281. Upon the happening of the contingency, or the condition that Amos should pay the taxes being broken, the title to the land vested in plaintiffs. Schouber on Wills, 607; 4 Kent Com. (12 Ed.), pp. 123-129; 2 Devlin on Deeds (2 Ed.), sec. 974; Hayden v. Inhabitants, 22 Mass., 528; Association v. Howland, 52 Mass. 99. (2) The will gave the land to Amos Hoselton, subject to a condition with a limitation. Paying the taxes was a subsequent condition. The condition being followed by a limitation over to these plaintiffs, when the condition was broken Amos Hoselton's interest or estate terminated without entry or claim on the part of plaintiffs, and no act was requisite to vest the title in plaintiffs. 4 Kent Com. (12 Ed.), p. 126; 2 Black. Com., p. 155; Association v. Howland, 11 Metc. 99. (3) Amos Hoselton only had a conditional estate and it continued defeasible, and when the condition was broken these plaintiffs became seized of the first estate, and all intermediate charges and incumbrances, including homestead interests, were thereby avoided. 4 Kent's

Com. (12 Ed.), p. 126; 2 Devlin on Deeds, sec. 959; Bank v. Stark, 106 Cal. 202.   (a)  The forfeiture under the will was a personal privilege of Amos Hoselton.  The land was given to him as long as he should pay the taxes or cause them to be paid.  Amos, by his act, could forfeit it, and the defendant as his wife could neither work a forfeit nor prevent it.  The deed read in evidence from Amos to plaintiffs, while it might not convey title, was the strongest evidence of his refusal to perform the condition and of a forfeiture on his part.   (b) There is no ambiguity in the will.  His estate and interest terminated when the condition was broken, and, if not broken, then at his death.  Here the condition is clearly expressed and contains a clause of forfeiture or reverter.  Messersmith v. Messersmith, 22 Mo. 369; Moore v. Wingate, 53 Mo. 419; Clark v. Brookfield, 81 Mo. 509; Ellis v. Kyger, 90 Mo. 600; Studdard v. Wells, 120 Mo. 29.   (c)  The payment of the taxes by defendant was not a compliance with the condition. Defendant did not pay the taxes at the instance of Amos.  He abandoned the defendant in 1890 and thereafter no communication was had between them; they were as strangers.  Wilson v. Wilson, 86 Ind. 472.

Geo. Robertson for respondent.

(1)  The will was not admissible in evidence.  Secs. 4634-4635, R. S. 1899; Keith v. Keith, 97 Mo. 223.   (2) The deed from Amos Hoselton, if it were genuine, to plaintiffs, is void, as the husband can not convey the homestead unless joined by the wife.  Sec. 3616, R. S. 1899.  The deed is void as to all the land conveyed where part of it is a homestead.  Creech v. Childers, 156 Mo. 338.   (3)  Defendant can invoke the law of homestead in her own behalf when abandoned by her husband.  Secs. 4335, 3616, R. S. 1899; 15 Am. and Eng. Ency. of Law, p. 548, sec. 2, note 5; McDonnell v. Ragsdale, 71 Tex. 23.   (4)  Amos Hoselton, by

the will of John Hoselton, took an estate in fee simple to the lands. 1 Underhill on Wills, sec. 480-2; Chew v. Keller, 100 Mo. 362; Small v. Field, 102 Mo. 104; Cornwell v. Orton, 126 Mo. 355; Battle Square Church v. Grant, 3 Gray 142, 63 Am. Dec. 725. Where an estate in fee simple is created, no other interest can be carved out of it. The one taking the fee simple estate takes it free from condition or limitation. Underhill on Wills, sec. 491. The limitation of the estate attempted to be created is void for uncertainty, as it does not name the time in which the taxes are to be paid. Under this condition the taxes could be paid at any time, regardless of whether they had become delinquent or not, and, therefore, the limitation is void as fixing no time when the breach would take effect. "When the condition is illegal, indefinite or uncertain, unreasonable or repugnant to the nature of the estate to which it is annexed, it is void, rendering the grantee's estate absolute." 6 Am. and Eng. Ency. of Law (2 Ed.), p. 506. If the estate devised by the will be one of conditional limitation, then any one interested in the estate might perform the duty of paying the taxes, and this would include the wife left in charge of the estate with the two minor children of the devisee. People v. Society, 2 Paine (U. S.), 563; Wilson v. Wilson, 38 Me. 18; Simonds v. Simonds, 3 Metc., 558; Joselyn v. Parlin, 54 Vt. 675; Marks v. Marks, 10 Mod. 422.

BURGESS, J.—This action is ejectment for the possession of two hundred and forty acres of land in Audrain county. Both parties claim the land under one John Hoselton, who died testate in Illinois in 1882. By the third clause of his will he gave to his son, Amos Hoselton, two hundred and forty acres of land lying in Audrain county, Missouri, "as long as the said Amos Hoselton shall pay or cause to be paid taxes on said land, and in case of the failure to pay taxes, the said land to go to his four children, named Henry, Mary Augusta, Linwood and Rob Hoselton." Plaintiffs are the children of Amos

Hoselton and claim title both under the will of their grand-father, John Hoselton, and by deed executed to them by their father dated February 11, 1898. Defendant is the second wife of Amos Hoselton, to whom he was married in 1879, by which marriage there were two children, aged, respectively, nine and sixteen years, at the time of the trial, and who were at that time living with their mother on the land.

In February, 1880, Amos Hoselton, with this defendant as his wife, moved upon the said lands, where he lived with his family until in the year, 1891, when he abandoned her. She has remained in possession with her two children, occupying the same as a homestead, ever since this abandonment. The defendant has kept the taxes paid up on the said lands ever since her said husband left her, he having kept them paid before that time.

Amos Hoselton owned forty acres of land at a coal bank, upon which he had a shanty, a mile and a half from this farm, and sometimes he took his wife there while he worked the coal bank, to remain temporarily. At no time when he had his family at the coal bank did he surrender possession of the land in question, but did during all of the time retain and use it as a homestead.

The case was tried by the court, a jury being waived.

Plaintiff asked the court to declare the law to be as follows:

"1. Although it appears from the evidence that the defendant, Mary Hoselton, is the wife of Amos Hoselton, and it is further shown by the evidence that the said Amos Hoselton abandoned his said wife and left her on and in possession of the land sued for, if it is further shown that said Amos Hoselton has not for four or five years prior to the institution of this suit lived on the said land or paid or caused to be paid the taxes due thereon, then there should be a verdict for the plaintiffs.

"2. Even if the defendant, Mary Hoselton, paid the

taxes on the said land for the last five years, if it is shown by the evidence that the said Amos Hoselton during that time had not lived with her, but had abandoned the said defendant and she paid the taxes on her own accord and not at the request of the said Amos Hoselton, then the verdict should be for the plaintiffs.

"3. If it is shown by the evidence that in February, 1898, Amos Hoselton executed and delivered a general warranty deed for the lands in question conveying said lands to the plaintiffs and the said deed was recorded in the recorder's office in Audrain county, Missouri, on March 7, 1898, then the plaintiffs are entitled to a verdict whether the defendant, Mary Hoselton, joined in the said deed or not."

Said declarations of law were refused and plaintiffs saved their exceptions.

Plaintiff also asked the court to give the following declarations of law, but the court failed to give or refuse the same.

"1. Under the pleadings and evidence the court returns a verdict for plaintiff.

"2. If it appears from the weight of evidence that Amos Hoselton has failed to pay the taxes due on the land for the possession of which the plaintiffs herein sue, or has failed to cause them to be paid, for a period of four years or more prior to the institution of suit, then the verdict should be for plaintiffs."

To which action plaintiffs excepted.

Plaintiffs' position is that by the terms of the will the land in question was a devise to Amos Hoselton, creating in him an estate on limitation, with a conditional limitation over to plaintiffs. That the words "as long as," are words creating an estate upon limitation. Upon the other hand, defendant claims that the will was improperly admitted in evidence, but the only objection to its introduction in evidence was a general one, so that we are left entirely to conjecture as to what

the real objection was, and as the presumption is in favor of the correctness of the ruling of the trial court in admitting it in evidence, this point will be ruled adversely to defendant's contention.

The distinction between a condition and a limitation is this: "A limitation determines an estate upon the happening of the event itself, without the necessity of doing any act to regain the estate." [2 Devlin on Deeds (2 Ed.), sec. 974.]

"The distinction between an estate upon condition, and the limitation by which an estate is determined upon the happening of some event, is, that in the latter case the estate reverts to the grantor, or passes to the person to whom it is granted by limitation over, upon the mere happening of the event upon which it is limited, without any entry or other act; while in the former the reservation can only be made to the grantor or his heirs, and an entry upon breach of the condition is requisite to revest the estate. The provision for re-entry is therefore the distinctive characteristic of an estate upon condition; and when it is found that by any form of expression the grantor has reserved the right, upon the happening of any event, to re-enter, and thereby revest in himself his former estate, it may be construed as such." [Attorney-Gen. v. Merrimack Mfg. Co., 14 Gray, l. c. 612.]

"Where a condition subsequent is followed by a limitation over in case of a breach of the condition, it becomes a conditional limitation. No one but a grantor or his heirs can take advantage of a breach of a condition." [2 Devlin on Deeds. (2 Ed.), sec. 974; Tiedeman on Real Property (2 Ed.), sec. 281.]

If then the devisee in the will did not pay the taxes on the land according to its terms and conditions, the limitation of his interest in the land was determined, and the estate passed to his children, named under the will, the plaintiffs in this suit, without any entry or other act upon their part. Therefore, the estate vested in Amos Hoselton by the will was

an estate upon limitation, that is, "so long as he pay or cause to be paid the taxes on the land;" so that unless the provisions of the will in regard to the payment of taxes on the land is void for uncertainty in that no time is specified in the will in which the taxes were to be paid, or, his title was forfeited because of the non-payment of taxes by him, he still owned it up to the time of its conveyance by him to plaintiffs on the eleventh day of February, 1898.    But we do not think the limitation of the estate void for uncertainty, for the taxes might have been paid by the devisee at any time after the land taxbook was made out and received by the collector.    And at any time thereafter until sold for the taxes against it.    The time of their payment was not restricted to any particular time by the will, and it is but fair that the devisee should have the same time in which to pay them that is accorded taxpayers generally to pay taxes upon their land, which as indicated they may do at any time before its sale for that purpose.

Moreover, the taxes were paid by the defendant within the time allowed by law for plaintiff to pay them, otherwise she could not have done so, and whether by his consent or not, it relieved him of the necessity of so doing and, thereby saved the forfeiture of his interest in the land.    The taxes could only have been paid once every year, and if some one else paid them, though voluntarily, he can not be said to be in default in their payment.

The plaintiffs, however, are not entitled under the evidence to recover, either under the will or under the deed, because Amos Hoselton was never in default in the payment of the taxes on the land, hence, the limitation over did not take effect, and because the deed by him to the plaintiffs was and is void in so far as the homestead rights of his wife, the defendant, are concerned.    She testified as follows: "I married plaintiff in 1879 and have two children by him, one aged nine and one aged sixteen.    When we married we moved on to this land and have been living there ever since.    My husband had

a coal bank and sometimes he would move down there to be handy to his work, but he never rented out the house on the farm when down there, but always remained in possession of it.   I have been living on this place with my two children ever since he abandoned me in 1891.   When he left he did not tell me where he was going.   He never writes to me.   I have heard he is in Arkansas.   I have been paying the taxes on this land ever since he left me.   I did not pay the taxes this year on eighty acres of the land in the timber.   I sent the money by Mr. Freeman to pay it, but for some cause he did not. This timber land is about a mile and a half from the farm where I live."

Upon this evidence the court in effect found that she was entitled to a homestead in the land.

By section 3616, Revised Statutes 1899 (Laws 1895, p. 185), it is provided that:   "The homestead of every housekeeper or head of a family, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the amount and value herein limited, which is or shall be used by such housekeeper or head of a family as such homestead, shall, together with the rents, issues and products, be exempt from attachment and execution. . . . . . Such homestead in the country shall not include more than one hundred and sixty acres of land, or exceed the total value of fifteen hundred dollars. . . . . . The husband shall be debarred from and incapable of selling, mortgaging or alienating the homestead in any manner whatever, and every such sale, mortgage or alienation is hereby declared null and void."   It is too plain from the language of this statute that the deed from Amos Hoselton to the plaintiffs was and is, in so far as the rights of the defendant in the land in question are concerned, absolutely void, to bear discussion.

For these considerations the judgment is affirmed.   All concur.