STEPHEN J. ELLIOTT et al. v. BRISTOW et al., Appellants.

Division Two, December 13, 1904.

PLEADING: Conveyance of Homestead: By Husband. An allegation that the land sold under execution was the homestead of the debtor and had been conveyed by him to plaintiff does not wholly fail to state a cause of action, although, upon a motion to make more definite, it should be so amended, if the homestead was acquired after the statute of 1895 went into effect, as to show that the debtor's wife also joined in the conveyance, since under the homestead statute of 1895 a deed to a homestead by the husband alone is insufficient. But a petition charging that the execution debtor conveyed the property to plaintiff, and referring to the book and page where the same could be found, is sufficient allegation to enable plaintiff to maintain the suit, and a demurrer to the petition that it does. not reveal any such interest in plaintiff as entitles him to. maintain the action should be overruled.

Appeal from Ralls Circuit Court.—*Hon. D. H. Eby,*
Judge.

AFFIRMED.

*W. T. Ragland* for appellants.

The plaintiffs' petition does not state facts suf-
ficient to constitute a cause of action in that it does not
show that plaintiffs have any title to the land in con-
troversy. In fact it does show by the rule of exclusion
that they have no title. The plaintiffs took nothing
by the alleged conveyance; it was null and void.
The husband shall be debarred from and incapable of
selling, mortgaging or alienating the homestead in any
manner whatever, and every such sale, mortgage or
alienation is hereby declared null and void. Sec. 3616,
R. S. 1899; Laws 1895, p. 185; Hoselton v. Hoselton, 166
Mo. 182; Newton v. Newton, 162 Mo. 173.

*Roy & Haynes* for respondents.

FOX, J.—Defendants in this cause appeal from a
judgment rendered in the circuit court of Ralls county.

The judgment is based upon the following petition,
filed by plaintiff on the 27th of September, 1901, in the
circuit court of Ralls county, Missouri:

"The plaintiffs state that on the 8th day of March,
1869, one Stephen J. Elliott was the owner in fee simple
of the following described real estate, situate in Ralls
county, Missouri, to-wit: the east half of the southeast
quarter of section fourteen in township fifty-four of
range seven west, and sixteen acres in the northeast
corner of the east half of the northwest quarter of
section ten in said township and range; and that the
said Stephen J. Elliott from the said last mentioned
date until the 29th day of August, 1898, lived in his
dwelling house on said east half of the southwest quarter
of said section fourteen, using said sixteen-acre tract

in connection with the other of said tracts as one farm, and that all of said real estate during the whole of said time was the homestead of the said Stephen J. Elliott and never at any time exceeded in value the sum of fifteen hundred dollars, and, as such homestead, was exempt from sale on execution against said Stephen J. Elliott. That on the 9th day of May, 1894, said defendant Jerome J. Bick, by the name of J. J. Bick, commenced suit against said Stephen J. Elliott before George H. Engle, a justice of the peace, in Saline township in said Ralls county, Missouri, on a note, and that summons was issued in said cause returnable on the 16th day of July, 1894, which summons was duly served, and on the 16th day of July, 1894, both the plaintiff and the defendant in said cause appeared in said cause before said justice of the peace, and judgment was then and there rendered in said cause by said justice of the peace against the defendant therein for the sum of $208.20 for debt and interest, and for all costs therein. That an execution was sued out in said cause by the plaintiff therein on said 16th day of July, 1894, returnable in ninety days, which said execution was directed to the constable of said Saline township in said Ralls county, and said execution was returned by said constable to said justice of the peace on the 15th day of October, 1894, with the return endorsed by said constable that no property was found in said county on which to levy the same.

"That during the whole of the time from the 8th day of March, 1869, to the present time, the said Stephen J. Elliott has been a resident of the township of Salt River in said county, and has never at any time been a resident of said Saline township. That at no time since the rendition of said judgment has any execution been issued thereon by any justice of the peace of Saline township directed to the constable of said Salt River township.

Vol 185 mo—2

"That a transcript of said judgment was filed in the office of the clerk of the circuit court in and for said Ralls county, Missouri, on the 2nd day of April, 1896, and is recorded in the records of said office in Transcript of Judgments record 'C' at page 86.

"That on the 9th day of July, 1897, the said plaintiff in said cause sued out of said clerk's office a writ of *scire facias* for the purpose of reviving the lien of said judgment, which said writ of *scire facias* was served on the defendant in said cause on the 14th day of July, 1897, in said Ralls county, and which said writ of *scire facias* was returnable at the August term, 1897, of said circuit court. That at said August term, 1897, of said circuit court a judgment of revivor was entered in said cause, reviving the apparent lien of said judgment.

"That on the 16th day of January, 1900, the plaintiff in said cause sued out of the said clerk's office a writ of execution on said judgment against the lands, goods and chattels of said Stephen J. Elliott, which said writ of execution was directed and delivered to the sheriff of said Ralls county, Missouri, who, on the 25th day of January, 1900, by virtue of said writ of execution, levied upon the above described real estate as the property of said Stephen J. Elliott, and advertised and sold the said real estate under said execution, at public sale, at the court house door in the city of New London in said county, while said circuit court was in session, which said sale was made, in pursuance of said advertisement, on the 24th day of March, 1900. That at said sale, defendant herein, Robert B. Bristow, became the purchaser for the sum of eleven dollars, and the said sheriff on the 24th day of March, 1900, executed and acknowledged in open court, in said circuit court, his sheriff's deed to said real estate and delivered said deed to said Bristow, purporting to convey to said Bristow said real estate. That said sheriff's deed was made by said sheriff in pursuance to said

execution and sale and recited all the facts of the rendition of said judgment, its revival, the filing of said transcript, the issuing of said execution by said justice of the peace and the return of *nulla bona* thereon, the issue of said execution from said clerk's office, the levy by said sheriff, the advertisement aforesaid and the said sale to said Bristow.

"The plaintiffs state that it nowhere appears in said records and proceedings that said Stephen J. Elliott was at any or all of said times a resident of said Salt River township, nor does it appear in any of said records or proceedings that said real estate was, as above stated, the homestead of the said Stephen J. Elliott, and therefore exempt from execution.

"The plaintiffs state that the said Stephen J. Elliott was at all the times above stated, and still is, a married man, having a wife and children with whom he has at all times lived, and that at all times above stated said Stephen J. Elliott was, and still is, the head of a family.

"That on the 29th day of August, 1898, while the said Stephen J. Elliott was such head of a family and while he was living on said real estate as his homestead with his said family, he, in consideration of the sum of six hundred dollars to him paid by these plaintiffs, sold and conveyed said real estate to these plaintiffs by a deed of conveyance dated on said last mentioned day and filed for record in the recorder's office of said county on the 13th day of September, 1898, and recorded in said office in book 57 at page 518. That said sheriff's deed purported to convey said land to said Robert B. Bristow, and was filed for record in said recorder's office on the 9th day of March, 1900, and is recorded in said recorder's office in volume 63 at page 549. That the plaintiffs have been ever since the date of said conveyance to them, and still are, in possession of all of said real estate.

"That the said defendant Mary A. Bick claims

that since the said sale and conveyance of said land by said sheriff to said Bristow, she, the said Mary A. Bick, has purchased said land from said Bristow and has a conveyance of the same from said Bristow. The plaintiffs allege that no deed of conveyance for said real estate from said Bristow to said Mary A. Bick has ever been recorded or filed for record in said recorder's office. That the said Mary A. Bick and defendant Jerome J. Bick are husband and wife and have been husband and wife at all the times above mentioned, and that all the defendants were at the time they occurred well aware of all the facts above alleged as to said place of residence of said Stephen J. Elliott and of the issuing of said execution to the constable of Saline township, and well aware of the fact that no execution has ever been issued by any justice of the peace for said Saline township to any constable of said Salt River township. ·

"That by reason of the facts above stated the said sale by said sheriff and said sheriff's deed to said Bristow were and are illegal and void, and that said facts as to the existence of said homestead and the said place of residence of the said Stephen J. Elliott can only be established by oral testimony outside of the records and proceedings as above set forth. Wherefore plaintiff prays that said sheriff's sale and said deed executed by said sheriff to said Bristow be set aside and for naught held, and that the title to said real estate be adjudged to these plaintiffs, and they further pray for costs and general relief."

To this petition, defendants filed a demurrer as follows:

"And now come defendants and demur to plaintiffs' petition filed herein and for cause of demurrer say:

"1st. That plaintiffs' petition does not state facts sufficient to constitute a cause of action.

"2nd. Because the facts stated in plaintiffs' peti-

tion do not entitle them to the relief prayed for, or to any relief.

"3rd.   Because there is a misjoinder of defendants in said cause, in this, that plaintiffs' petition shows on its face that defendant, R. B. Bristow, had no right, title or interest in said cause of action.

"4th.   Because in plaintiffs' petition filed it appears that the plaintiffs have no interest in said cause of action.

"5th.   Because there is both a misjoinder of plaintiffs and of defendants."

This demurrer was by the court overruled, and defendants refusing to plead further, judgment was rendered for the plaintiffs in accordance with the prayer of the petition. From this judgment defendants in proper time and form prosecuted their appeal to this court, and the record is now before us for consideration.

OPINION.

There is but one proposition involved in this cause, and it is the only one urged in the brief of learned counsel for appellant. That is, are the allegations in the petition sufficiently specific to show that plaintiffs have any interest in the land in dispute?

The contention of appellant is specially directed to the allegation in the petition, in which it is averred: "That on the 29th day of August, 1898, while the said Stephen J. Elliott was such head of a family and while he was living on said real estate as his homestead with his said family, he, in consideration of the sum of six hundred dollars to him paid by these plaintiffs, sold and conveyed said real estate to these plaintiffs by a deed of conveyance dated on said last mentioned day and filed for record in the recorder's office of said county on the 13th day of September, 1898, and recorded in said office in book 57 at page 518."

Elliott v. Bristow.

It is insisted that Stephen J. Elliott was a married man, and the land in controversy being a homestead, it could only be conveyed by the husband and wife jointly, and that the allegation is insufficient, by reason of the omission to allege that the wife joined in said conveyance.

While it may be true that this allegation would have been more in harmony with correct technical pleading to have amplified it by a statement of the fact that the wife joined in the instrument, and, while a motion to make it more definite and certain would have been appropriate and doubtless sustained, we are unwilling to say that it was so defective as to not require at least a motion to make it more definite, or an answer to the pleading. It must be remembered that this pleading has reference to a conveyance of the land in fee, and while under the statute (sec. 3616, R. S. 1899), the husband cannot convey that estate without being joined by his wife, yet he is the owner of the fee, subject to the interest of the wife, and when it was alleged that an estate in fee was conveyed, by a deed of conveyance, giving the date of the deed, as well as its filing for record and the book and page at which it was recorded, in the absence of any effort to have it made more definite, it would not be indulging too violent a presumption to rule that the deed of conveyance referred to was a valid one. It will be noted that, while the pleader states that Stephen J. Elliott sold and conveyed said real estate, that statement is followed by the other, that this sale and conveyance was made, not by a deed executed by himself alone, but by a deed of conveyance referring the defendants specially to the book and page where such deed could be found upon the record. While, we repeat, it would have removed all doubt as to the sufficiency of this allegation to have amplified it with a specific allegation as to the parties who in fact executed the conveyance, to maintain the contention of learned counsel

for appellant would be an absolute surrender to form and a total disregard of substance.

Suppose in this case that defendants had filed their answer, and upon the trial plaintiffs had offered in evidence a deed which was recorded in the book and at the page mentioned in the pleading, and the deed showed upon its face that the wife had joined in it, would it be contended that such conveyance was inadmissible on the ground of a variance with the allegations in the petition? We think not. The allegation, in effect, incorporates the deed in the pleading by the special reference to it, and it would be clearly admissible in evidence under the pleading. Again, as indicating the correctness of the conclusion reached upon this proposition, we find support in the repeated announcements by this court upon pleading, in respect to the enforcement of contracts. Some contracts are invalid, being within the statute of frauds, unless reduced to writing, but a petition to enforce a contract of this character need only allege that the contract was made, and the presumption is indulged in favor of the allegation that it is a contract in writing. To this sort of pleading the party defendant must answer, and the plaintiff is permitted to show that his contract was in writing. The defendants in this cause were fully advised as to the nature of the claim of plaintiff.

The main subject of the allegation is that the plaintiffs had title by a deed of conveyance; in fact, if it had only been alleged that the plaintiffs were the owners of the land by virtue of a deed of conveyance, followed by the directions as to the book, etc., where the deed was recorded, even without naming the parties who executed the deed, it would have been sufficient to admit proof of a deed executed by Stephen J. Elliott and wife to the land in controversy.

Aside from this, limiting the allegation as contended for by appellant that the deed was executed by Stephen J. Elliott without the joining of his wife, still

it is sufficient and in harmony with the rule announced in Gladney v. Sydnor, 172 Mo. 318. It is apparent upon the face of the petition that the homestead mentioned was acquired long before the enactment of the statute of 1895, rendering the husband incapable of conveying the homestead without the joining of the wife. Hence that statute was inapplicable under the facts alleged in the petition. [Gladney v. Sydnor, supra.]

The cases cited by appellant, as an examination of them will demonstrate, are distinguishable from the case last cited. In the first place, in those cases, the question as to whether or not the application of the statute of 1895 to prior acquired homesteads would be violative of the provisions of the Constitution, was not presented or discussed.

In Newton v. Newton, 162 Mo. 173, it is not manifest that the homestead was acquired prior to the statute of 1895.

In Hoselton v. Hoselton, 166 Mo. 182, while the statute is referred to, it will be observed that the force and effect of it is limited, and concludes, ''That the deed from the husband, so far as the rights of the wife in the land are concerned, was void.''

Entertaining the views as herein expressed, it results in the conclusion that the petition in this cause stated a cause of action, and the demurrer was properly overruled.

Defendants refusing to file an answer, the judgment for plaintiff was appropriate and should be affirmed, and it is so ordered.

*Gantt, P. J.,* concurs; *Burgess, J.,* absent.